# Bryant *v.* Whisenant, *et al.*

*Damage for Depriving Child of School Privilege.*

(Decided May 12, 1910. 52 South. 525.)

1. *Schools and School Districts; Public Schools; Fees; Right to Exact.*—While sections 1168-1993, code 1907, contemplate free tuition to all minor residents of this state over seven years old, yet, in the absence of statutory provision for a fund for heating and lighting school houses, the county board of education may prescribe a reasonable method for raising such fund, such as imposing a reasonable incidental fee upon the pupils, and may delegate its authority to the district board and teachers to enforce the method adopted.

2. *Same; Reasonableness.*—A rule requiring public school pupils, except children of indigent parents, to pay an incidental fee of not less than twenty-five cents, nor more than one dollar in order to provide a fund for heating and lighting the school room, is a reasonable rule, and a pupil who fails to comply therewith may be excluded from attendance.

(Mayfield, J., dissents in part.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by Bessie Bryant, pro ami, against M. A. Whisenant and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The suit was for damages alleged to have been done plaintiff on account of declining to permit her to attend a public school taught in district No. 23, in Calhoun county, of which the defendants were the district trustees. It is alleged that the defendants instructed the teacher not to receive or teach her, and that they made the rules excluding her from school. The pleas are as follows: "(2) That in, to wit, the month of October, 1908, the county board of education of Calhoun county adopted rules and regulations for public schools of Calhoun county, and amongst other rules it was provided 'that they (the district trustees of public schools) are authorized to assess and collect an incidental fee

[Bryant v. Whisenant, et al.]

from each pupil of not less than 25 cents nor more than $1; provided that children of indigent parents may be excused from paying this fee.' And said rule of said county board of education was in force and effect on, to wit, the 15th day of February, 1909, and subsequent and prior thereto, and at the time of the matters complained of in said complaint. That acting under and by authority of said rule the said defendants as such district trustees assessed an incidental fee of, to wit, 35 cents against each of the pupils attending said public school in district No. 23, in Calhoun county, and the said plaintiff was one of the pupils in said school; and on the 15th day of February, 1909, as a condition precedent to the instruction of said plaintiff, it was required by said defendants that said incidental fee be paid to the said teacher, Miss Whiteside, and the said plaintiff and her father, her next friend, failed and refused to pay such incidental fee, and thereupon, in order to enforce such rule and regulation, these trustees, defendants herein, instructed the said teacher not to hear the lessons of the plaintiff until said incidental fee was paid, and the nonpayment of the said incidental fee was the sole cause of said instruction to said teacher. These defendants say that said incidental fee of 35 cents from each pupil attending said school was strictly necessary for the purpose of providing wood and water, in order that said school might be conducted, that the children there attending might be comfortable while attending said school, and that the instruction might be properly given them; and these defendants further aver that there was no other source of obtaining said necessaries than assessing said incidental fee." (4) Practically same as 2.

[Bryant v. Whisenant, et al.]

O. M. ALEXANDER, and TATE & WALKER, for appellant.  Under the school system of Alabama, pupils over seven years old who are residents of this state, may attend without the payment of tuition of any sort, and hence, the rule adopted by the county board of education requiring the payment of incidental fees as a prerequisite to attendance, cannot be enforced.—48 Am. Dig. 2495; 43 N. W. 996; 66 L. R. A. 534; 77 Mich. 605. If the trustees have a right to levy incidental tax for heating and lighting, they would, under the same power, have a right to levy a tax to pay the teachers.—39 L. R. A. 152; 6 L. R. A. 534; 50 L. R. A. 68; 63 Wis. 234.

BLACKWELL & AGEE, for appellee.  Counsel insist that the rule is reasonable, that the board of trustees had the right to make them and had the right to delegate their enforcement to the district  trustees  and teachers, but cite no authority in support of their contention.

ANDERSON, J.—It is manifest that chapter 41 of the Code of 1907, which relates to the public school system of the state, contemplates that tuition shall be absolutely free to all minors of the state over the age of seven.  We think, however, there is a well-defined distinction between tuition and a reasonable incidental fee for heating and lighting the schoolroom.—*State ex rel. Priest v. University of Wisconsin,* 54 Wis. 159, 11 N. W. 472.  And when the statute makes no provision for a fund for this purpose, the county boards have the right to prescribe a reasonable method for the raising and collection of this fund, and to delegate the authority to the district boards and teachers to enforce said rules. We also think that the requirement of a reasonable incidental fee for this purpose, as a condition precendent

to attendance, is contemplated by the statute, in the absence of any special provision for same, and that the rule set up in special pleas 2 and 4 was a reasonable one, and a good defense to the plaintiff's action. The trial court properly overruled the demurrers to these pleas, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, McCLELLAN, and SAYRE, JJ., concur in the opinion and the conclusion. MAYFIELD, J., concurs in the conclusion, but does not think that the law contemplates free tuition.


*Damage for Depriving Child of School Privilege.*

