# Weaver *v.* Pepper, *et al.*

*Damage for Depriving Child of School Privilege.*

(Decided May 19, 1910.  52 South. 754.)

APPEAL from Chambers Circuit Court.
Heard before Hon. S. L. BREWER.
Action by John W. Weaver by his next friend against J. D. Pepper, and others, composing the county board of education of Chambers county. Judgment for defendant and plaintiffs appeal. Affirmed.

E. M. OLIVER, for appellant.
. STROTHER, HINES & FULLER, for appellee.

MAYFIELD, J.—This case is affirmed on the authority of *Bryant v. Wisenant,* 167 Ala. 325, 52 South. 525, to the effect that no right of action is shown by the complaint or evidence. In this all the Justices concur; but the writer thinks that the case ought to be affirmed upon other grounds and for other reasons than

those expressed in *Bryant v. Whisenant, supra,* and the following are his views upon the case:

This action is that of a minor, John W. Weaver, who sues by his father as next friend; and is brought against J. D. Pepper, superintendent of the public school at Milltown, and against J. D. Denney, chairman of the board of trustees of said school, and seeks to recover $1,000 damages for the wrongful, wanton, and malicious act of the defendants in turning plaintiff, an eligible pupil, out of said school.

The first count of the complaint is as follows: "The plaintiff claims of the defendant one thousand dollars damages, for this, that on or about November 18, 1907, J. D. Pepper was the teacher in charge of the Milltown public free school which was being taught by him at Milltown in the school district known as the Milltown High School District in Chambers county, Ala., as a free public school; that the said defendant J. D. Denney was the then acting superintendent of the board of trustees of said school district; that plaintiff was at said time and is now a bona fide resident citizen residing with his father, J. E. Weaver, within said school district; that he was then and is now of the school age, under 21 and over 7 years of age, and was entitled to attend and be taught in said public school free of charge; that at said time the said J. D. Pepper was receiving the public school funds appropriated and set apart for said public school; that plaintiff went to said school and offered to enter same as a pupil to be taught in said school; that said defendants J. D. Pepper and J. D. Denney without any good cause or excuse did turn the plaintiff out of said school when he offered to enter same and refused him admission to same—whereby plaintiff was damaged to the amount of one thousand dollars as aforesaid, hence this suit."

The other counts are practically the same—a statement of the same material facts in slightly different language.

It is contended by the appellant that the counts each stated a good cause of action by virtue of Acts 1900-01, p. 2592, which, among other things, provided that the free public schools of the state should be kept open, absolutely free of tuition fee, to those entitled to share in the distribution of the common school fund, for a period of five scholastic months in each scholastic year. It will be observed, however, that neither count sufficiently states a cause of action under this statute. It is not averred that the free public schools were not kept open for five months during each year, nor is it averred that plaintiff had not attended such schools for five months during the year 1907, of which he complains. Nor is it shown to have been the duty of these defendants to see that such schools were kept open and to allow the plaintiff to attend; that is, it does not sufficiently appear that these defendants owed the plaintiff any duty under the statute referred to, nor that they have denied him any right, much less that they breached the duty enjoined by the statute.

The counts do allege that plaintiff was a pupil in a public school, and that the defendants were, respectively, the teacher and the superintendent of the board of trustees of the school, and that they wrongfully, wantonly, and maliciously turned plaintiff out of said school and refused him admission thereto. But, as before stated, the counts are not sufficient to state a breach of duty created by virtue of this statute; because it is not shown that these were the officers charged with the duty of enforcing this law. Moreover, it is not shown that plaintiff had not attended such school for at least five months during the year 1907.

Again, this statute was not in force at the time of the alleged commission of the wrongs and injuries complained of. It was substituted, if not repealed, by the new Constitution of 1901, and subsequent statutes, which wrought an entire change of this provision of the school law of the state.

The Constitution of 1901 (section 256) required, among other things that "the public school fund shall be so apportioned to the schools in the districts or townships in the counties as to provide, as nearly as practicable, school terms of equal duration in such school districts or townships." To enforce this and other constitutional provisions, the school laws of the state were changed by new and complete laws which of necessity were substituted for the old. To conform to the above constitutional provision, it was, of course, impracticable to observe the old laws, in the appropriation of the school funds, and in the establishing of schools and the terms thereof. The acts of September 30, 1903 (page 289), July 17, 1907 (page 478), September 26, 1903 (page 264), September 9, 1903 (page 233), and of February 28, 1907 (page 187), wrought an entire and complete change of these school laws including the one on which this action is based.

Speaking of this change wrought in the school laws by some of the acts above mentioned, this court, speaking through Simpson, J., says: "The act of 1903 is clearly a restatement of the entire law on the subject of the redistricting of the public schools, and in regard to the management and control of the same, and was intended to set up a new system, so that whatever power any school officer may have on these subjects must be derived from this act."

The complaint therefore fails to show any breach of duty on the part of defendants toward plaintiff, and

fails to show that they did not have the right to do all that they are alleged to have done. In other words, the complaint fails to show that the defendants improperly or unlawfully denied to the plaintiff any rights in the premises. For aught that appears, they may have been properly discharging their duties in carrying out the rules and instructions prescribed by the proper authorities in the premises, under the school law as it existed at the time of the wrongs complained of. The proper officers have the right to make reasonable rules and regulations for the conduct and management of the public schools, and it was the duty of these persons or officers selected to conduct the schools, to manage them in accordance with the law and with the reasonable rules so provided.

It is not made to appear, by the pleadings or the proof in this case, that these defendants violated the law as it existed then, or breached any duty imposed upon them by law or contract. There is no contention that they were actuated by malice or were guilty of negligence in the premises; and if any mistake was made or injury done it proceeded from error of judgment on the part of the officers charged by law with the duty of arranging and providing for the public schools and the defendants, who were not officers, were only obeying such orders or rules provided by the proper authorities, in declining or failing to teach plaintiff when he appeared at school.

The education of the people is regarded as a matter of such paramount importance and of so much public concern, as we have seen, our Constitution has enjoined upon the Legislature the duty of providing a system of public schools, and has provided that a certain amount of taxes or public revenues of the state shall be applied to the public school fund and has provided

how it shall be apportioned, and in a measure how and for what purposes only it shall be paid out.—Article 14, §§ 256-270, of the state Constitution of 1901.

These constitutional provisions, for the most part, can only be made effective by appropriate legislation, which is thus properly enjoined upon the law-making power of the state. As above shown, the Legislature has provided many statutes upon the subject. It is to be regretted that the laws are constantly changing on this subject, but of course the changes are always thought by the Legislature to be for the better, and they often are. These laws create certain public officers, and enjoin upon them certain duties, many of which necessarily involve the exercise of official discretion, and when so acting in the discharge of their official duties, as to matters necessarily within such discretion, if they act without malice, negligence, or intentional wrong, they are not responsible for erroneous decisions or errors of judgment upon matters thus submitted to their official judgment for determination. To hold them liable in such cases would be to punish them for honest convictions, and conscientious efforts to discharge their duty in perfect good faith and without fraud or malice. Their decisions in such matters are quasi judicial, and they are protected in such matters as are judicial officers. Of course, unlike judges, all of their acts are not judicial, but it is only of those duties and acts which are quasi judicial and involve discretion, that we are now speaking.—*Jenkins v. Waldron*, 11 Johns. 114, s. c. 6 Am. Dec. 359; *Wheeler v. Patterson*, 1 N. H. 88, 8 Am. Dec. 41; *Spear v. Cummins*, 23 Pick. 224, 34 Am. Dec. 53; *Donahue v. Richards*, 38 Me. 379, 61 Am. Dec. 256.

It follows that there was no liability alleged or shown by the proof, and the only judgment was rendered that could have been rendered.

[City of Birmingham v. Gordon.]

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, McCLEL-
LAN, and SAYRE, JJ., concur.