# Roberson, *et al. v.* Oliver, *et al.*

## *Mandamus.*

(Decided November 7, 1914. 66 South. 645.)

1. *Schools and School Districts; Public; Tuition; Incidentals.*— While chapter 41 of the Code contemplates that tuition should be free to all minors of school age, the school board may fix a reasonable incidental fee for heating and lighting the school room and require each child to pay such incidental fee as a condition to entering the public school.

2. *Same.*—Where 25 cents per month from each pupil is a sufficient incidental fee for heating and lighting the school room, a rule requiring pupils to pay a fee of from fifty cents to one dollar per .month, depending on the grade, is unreasonable, and cannot be enforced, although approved by a majority of the patrons of the school and adopted to prolong the term of the school by using a part of such fees for the payment of the teachers.

[Roberson, et al. v. Oliver, et al.]

·Appeal from St. Clair Circuit Court.

Heard before Hon. J. E. Blackwood.

Mandamus by W. E. Oliver and others against P. E. Roberson and others, constituting the Board of Education of the Coal City School District, to compel the board to allow the children of relators to attend the public school free of tuition. From an order granting the writ, defendants appeal. Affirmed.

The bill alleges that each relator resides within the school district, and that each have children numbering from 1 to 4 of the school age, and entitled to be taught in the said public school. It is further alleged that the board of education has made an assessment against the pupils of said school of $1, 75 cents, and 50 cents, according to the grades, as incidentals, and has made the payment of same a condition precedent for the children attending said public school, which some of the relators are unable to pay. It is alleged that this is unreasonable and unnecessary in amount, and that it was fixed so as to prolong said school term, and that the larger portions of the amount so received and collected was to be used for other than incidental purposes. The respondents answered, admitting an assessment of 50 cents per month for children in the first, second, and third grades, 75 cents per month for pupils in the fourth, fifty, and sixth grades, and $1 per month for all pupils in all grades higher than the sixth, and further allege that it is not an unnecessary or unreasonable fee or amount for incidentals. The answer further sets out the amount received for all purposes in that school district, and the necessity of maintaining two schools, and the hiring of teachers, and that the amount received was insufficient for that purpose, and that the town of Coal City declines and

refuses to make any appropriation to said school, and hence the necessity for the incidental fee charged.

GARDNER GREENE, for appellants.

S. W. TATE, for appellees.

DE GRAFFENRIED, J.—In the case of *Bryant v. Whisenant*, 167 Ala. 325, 52 South. 525, 140 Am. St. Rep. 41, this court, after careful consideration, declared that: "Chapter 41 of the Code of 1907, which relates to the public school system of the state, contemplates that tuition shall be absolutely free to all minors of the state over the age of seven."

In this same case the court also declared that school boards have a right to fix a reasonable incidental fee for heating and lighting the schoolroom, etc., and that they have the right to require, by reasonable regulations, that each child within school age, as a condition precedent to entering a public school as a pupil, to pay such incidental fee. Of course a rule fixing a reasonable incidental fee and requiring it to be paid on the first day of each month will be upheld by the courts. —*Bryant v. Whisenant et al., supra.* This discretion as to incidental fees which is lodged in school boards must be reasonably exercised, and a school board will not be permitted to exact tuition from a pupil of a public school under the guise of a mere incidental fee. Education of man is essential to his highest usefulness, and the children of the poor are, on this account, the peculiar objects of the care of the state. It is the purpose of our lawmakers (so far as the financial condition of the state will permit) to place within the reach of every child in the state an opportunity to obtain at least a rudimentary education, and school

[Roberson, et al. v. Oliver, et al.]

boards will not be permitted, under any pretense, to so exercise the discretion, which the law ex necessitate lodges in them, as to deny to any child of school age, who is within their jurisdiction, the privilege of attending his or her public school.

In the instant case it had been found by experience that 25 cents per month was a sufficient incidental fee to be exacted from school children who attended this public school. The school board, however, raised this fee and made an assessment of 50 cents per month for pupils in the first, second, and third grades, 75 cents per month for pupils in the fourth, fifth, and sixth grades, and $1 per month for pupils in all of the grades higher than the sixth grade. This assessment was made as an incidental fee for the purpose of providing coal, heat, water, and other necessary supplies for the school, and the balance, if any, to be paid "to teachers in order that the term of the school might be prolonged." In other words, this assessment was, in fact, a charge, not only for the incidental expenses of the school, but for tuition. The desire of the school board (and of a majority of the patrons of this school) to prolong the term of this school and thus render it more efficient was a laudable desire, but the board had no right, in order that it might accomplish this purpose, to require any child to pay a greater sum than his pro rata of such reasonable amount as would, in the usual course of things, meet the current monthly incidental expenses of the school.—*Bryant v. Whisenant, supra.*

The judgment of the trial court was in accordance with the above views, and the judgment of the trial court is affirmed.

Affirmed.

MCCLELLAN, SAYRE, and GARDNER, JJ., concur.