# Williams *v.* Smith.

*Damages for Expelling Child From Public School.*

(Decided April 15, 1915.   68 South. 323.)

1. *Schools and School District; Expulsion; Liability of Teacher.*— Where a school teacher expelled a plaintiff pupil from the public school because the pupil or her parent were unable or unwilling to pay a fee of $1.00 per month, which was largely to supplement defendant's salary, and the exaction of such a fee was unlawful, the expulsion was unlawful, and defendant was liable for damages resulting from the probable consequences of the expulsion.

2. *Same; School Boards; Joint Tort Feasors.*—Although the school teacher acted under the direction of the school board in expelling a pupil who was unwilling or unable to pay a fee of $1.00 a month, which went largely to supplement the teacher's salary, such teacher was liable as a joint tort-feasor, with such board, notwithstanding their direction, since the act itself was unlawful and tortious on its face, and precluded any innocent agency.

3. *Same; Discipline; Discretion.*—Teachers and master of schools exercise discretion in matters of discipline for which they cannot be held to answer unless abuse is shown.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Action by Amanda Smith against C. M. Williams for damages for being expelled from the public school. Judgment for plaintiff, and defendant appeals. Affirmed.

[Williams v. Smith.]

LACKEY & ROWLAND, for appellant.

CORNELIUS & CORNELIUS, for appellee.

SAYRE, J.—(1) Appellant expelled appellee from the public school taught by him because she and her parents were unwilling or unable to pay a fee of $1 a month, and for no other reason. This fee was demanded, in large part at least, for the purpose of supplementing appellant's salary, and its exaction of a pupil unwilling or unable to pay was unlawful.—*Roberson v. Oliver,* 189 Ala. 82, 66 South. 645. Appellant's expulsion was therefore unlawful, and for its probable consequences appellant was answerable in damages.

(2) Appellant acted under the direction of the school board; but he must be charged in law with a knowledge of the unlawful character of his act. As a joint tort-feasor with the school board, he is liable, notwithstanding their direction in the premises. There can be no innocent agency in the commission of an act upon its face unlawful and tortious.

(3) In matters of discipline, teachers and masters of schools exercise a discretion for which, in the absence of abuse, they canont be held to answer.—*Boyd v. State,* 88 Ala. 169, 7 South. 268, 16 Am. St. Rep. 31. But that the principle is of no avail to appellant, for the reason that he was not exercising his right of discipline, but rather, in a case where there was no appearance of an occasion or excuse for discipline, for the sole purpose of enforcing an unlawful demand, he deprived appellee of a valuable right or privilege which by law and without price is extended to all the children of the state.

There was no error.
Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.