# Ryan *v.* Sawyer, *et al.*

### Mandatory Injunction.

(Decided January 13, 1916.  70 South. 652.)

1. Schools and School Districts; Public; Incidental Fee.—If reasonable, an incidental fee may be charged a pupil in a public school for use in providing fuel for the school.

2. Same; Authority of Trustee,—Construing §§ 1697, 1699, 1712, 1713 and 1715, Code 1907, it is held that it was intended that those living in the district should look after the immediate needs of the school, that a proper care for the property and the children necessitated that the schoolroom be heated in the winter, and that the trustees have the power to require that each pupil pay an incidental fee of ten cents a month for use in providing fuel for the school, as a condition precedent to instruction therein.

[Ryan v. Sawyer, et al.]

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCorvey.

Morvell Ryan sought a mandatory injunction against W. B. Sawyer and others as trustees of the school district, to require them to permit his children to remain in the school without the payment of an incidental fee for heating purposes. From a judgment sustaining demurrers to the petition he appeals. Affirmed.

CHARLES HYBART, for appellant.    HARE & JONES, for appellee.

GARDNER, J.—By this proceeding petitioner (appellant here), a pupil in the school of district No. 68 of Monroe county, seeks to test the validity of a requirement made by the trustees of said school district that she, or some one for her, pay an incidental fee of ten cents per month, to be used in providing fuel for said school, as a condition precedent to her receiving instruction in said school. From the judgment of the court below sustaining a demurrer to the petition, this appeal is prosecuted.

(1) Counsel for appellant do not question that an incidental fee may be charged and assessed, if within reasonable limits, for the purpose for which this fee was fixed in the instant case, nor do they question the reasonableness of the sum here assessed.—*Williams v. Smith*, 192 Ala. 428, 68 South. 323; *Roberson v. Oliver*, 189 Ala. 82, 66 South. 645; *Bryant v. Whisenant*, 167 Ala. 325, 52 South. 525, 140 Am. St. Rep. 41.

(2) The sole contention on this appeal is that the district trustees acted without authority of law, that they were not authorized or directed by the county board of education, and that without such authorization they had no right to act. The county board is not shown to have taken any action in reference to the matter, and therefore it is not insisted that the requirement of the district trustees contravenes, or conflicts in any manner with, any rule or regulation of any kind of said county board.

The question is therefore presented whether or not, in the absence of any action on the part of the county board, the district trustees had the authority to fix the assessment of ten cents per month as a reasonable incidental charge for fuel. The dis-

trict trustees are elected by the qualified electors of the school district.—Section 1697, Code 1907. The respective chairmen of the district trustees elect the members of the county board, with the exception, of course, of the county superintendent of education.—Sections 1712, 1713, Code 1907. The district trustees are required, among other things, to visit the schools in their district, to observe the management of the same, to make quarterly reports of the condition of the school to the county superintendent, and to "care for all school property."—Section 1699, Code 1907. The evident purpose of providing for district trustees was to have those living in the district, and interested in the welfare of the school in that particular locality, to look after the immediate needs of that school, and thus to a degree "localize," as it were, public interest in and watchfulness over that particular school; and the provision is in entire harmony with the form of government we here enjoy. A proper care for the school property certainly can be said to include, and indeed it would seem necessarily so, care that the schoolhouse be kept in a reasonably comfortable condition. That the schoolhouse be heated in winter is, of course, necessary in order that it may be habitable. As to what are the requirements of each particular school in the matter here discussed is purely a local question, better determined by the local trustees than by the county board, as the necessities would naturally vary in different localities, depending upon different, various conditions. It is therefore entirely reasonable to conclude that it was the legislative intent, in fixing their powers, to include the authority in the district trustees to provide for necessary fuel for the schools in the general words "care for all school property," and this especially in view of the other duties of said trustees and of the evident purpose of their selection. As said in *State ex rel. Priest v. Univ. Wis.*, 54 Wis. 159, 11 N. W. 472, a case cited in *Bryant v. Whisenant, supra*: "Implied power is an incident of general power granted, and is peculiarly applicable to corporations governed by boards of regents, trustees, directors, and the like."

Counsel for appellant concede that the authority here questioned exists in a municipal board. While the language of section 1701, Code 1907, dealing with municipal boards, is not at all identical with that as to district trustees, yet by reference

[Ryan v. Sawyer, et al.]

therein to the latter the language indicates a great similarity of duties and authority as to the two boards.

The Supreme Court of Kansas, in *Conklin v. School District*, 22 Kan. 525 (found in Words and Phrases, vol. 1, p. 972), in speaking of the authority of the district board, charged by law with the duty of "the care and keeping of the schoolhouse," said: " 'Shall have the care and keeping of the schoolhouse' not merely authorizes, but requires, the board to preserve and care for the schoolhouse. And this duty is not like that of a janitor, one of personal attention and manual labor, but like that of trustees, one of supervision. They are not personally to sweep and dust and clean, or bring wood and make fires, but to see that it is done, and to that end may employ assistants, and bind the district for their pay. They are not chosen because of their physical strength and dexterity, but because of their good sense and intelligence. * * * Discretion as to these matters must be vested somewhere, and nowhere more appropriately than in the district board."

While the county board of education is given entire control over the public schools in the counties, except where otherwise provided, and is authorized or directed to make rules and regulations for the government of the schools (section 1715, Code 1907)., and there is given in a sense, a general supervision over the same, yet in a matter of this kind, where the board has taken no action, and the requirement of the district trustees in no manner contravenes or conflicts with any rule or regulation of said board, there is no solid foundation for an attack upon the validity of the order of the district trustees.

What would be the effect if said requirement was in conflict with some rule or regulation of the county board need not be here determined; but, in the absence of any such conflict or any action by the county board, we are clear to the opinion that the district trustees were acting within their authority in the instant case.

Such being our conclusion, it results that the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.