# Hughes *v.* Outlaw, *et al.*

## Mandamus.

(Decided November 16, 1916.   73 South. 16.)

1. **Mandamus; Petitioners; Joinder.**—Where the proceeding was by parents against a teacher and the members of the board of education, to compel respondent to admit the parents' children to a public school without the payment of a fee of $1 a month for each pupil, the state having an interest in the education of the children, and each of the parents having alike special and peculiar interests in having the regulation exacting the fee set aside and annulled, there was no tenable objection to the joinder of the parents as petitioners for mandamus.

2. **Schools and School District; Charges; Authority of Teacher.**—Where the action was mandamus to compel the teacher to receive children in school, claimed to be public, without the exaction of a monthly fee therefor, it was immaterial that the teacher, in demanding the fee, and excluding the children for the non payment thereof, was acting by authority of the board of education of the county, or the local board of the town, since the duty of the teacher to conduct the school according to the law and the statute, could be enforced by mandamus, whether one board or the other had the right to control the school.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition for mandamus by J. W. Outlaw and others against N. B. Hughes, as teacher, and the members of the Board of Education to compel them to admit relators' children to a public school without payment of a fee of $1 per month for each pupil. From a judgment granting the writ, respondent named appeals. Affirmed.

Petition sets up that the relators are patrons of the school at Cottonwood, which they allege to be a public school, and that each of them have children of school age who are denied admittance to and attendance upon the school without the payment of the fee of 75 cents per month per pupil, and that 25 cents per month would be entirely sufficient as an incidental fee for heating and lighting. Petitioners allege that the purpose for which the fee is charged is to supplement the salaries of the teachers engaged in teaching said school, and not for incidental expenses. The petition contains the allegation that more than 90 pupils attend said school.

[Hughes v. Outlaw, et al.]

W. L. LEE, and W. R. CHAPMAN, for appellant. FARMER & FARMER, and T. M. ESPY, for appellee.

SAYRE, J.—Proceeding for mandamus to compel appellant, a public school teacher, to receive the children of appellees as pupils without a charge for tuition levied by the trustees of the school.

The substantive right of appellees has been several times declared by this court in accordance with the determination of the circuit court in this case.—*Bryant v. Whisenant,* 167 Ala. 325, 52 South. 525; *Roberson v. Oliver,* 189 Ala. 82, 66 South. 645; *Williams v. Smith,* 192 Ala. 428, 68 South. 323; *Ryan v. Sawyer,* 195 Ala. 69, 70 South. 652.

(1) All the petitioners on the amended petition were asserting the same right; i. e., they were seeking, in effect, to have annulled the regulation in virtue of which respondent denied their children admission to the school except upon condition that they pay a fee to supplement the teacher's salary. The state has an interest in the education of its children, and each and every one of the petitioners on the amended petition had a like special and peculiar interest in having the regulation set aside and annulled. In these circumstances there was no tenable objection to the joinder of petitioners in the amended petition.—26 Cyc. 401, 402, and cases cited. Their facts considered, the adjudications cited by appellant on this point are easily distinguishable from the case in hand.

(2) It is of no consequence, so far as this case is concerned, whether Teacher Hughes, in demanding the fee in dispute and in excluding the children of petitioners for non-payment was acting by authority of the board of education of Houston county or the local board of Cottonwood. He was conducting one of the public schools of the state. His right to do so was recognized by appellees when they filed the petition. The charge and regulation complained of was void in any case. His right to conduct the school, admitted all around, it was his duty to conduct it according to the law and the statutes under which he pretended to act, and the performance of that duty might be enforced without the embarrassment of any question as to whether the one board or the other had the right to control the school.

Judgment awarding mandamus affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.