(107 So. 907)

## KENNEDY et al. v. COUNTY BOARD OF EDUCATION. (8 Div. 851.)

(Supreme Court of Alabama. March 25, 1926.)

1. **Schools and school districts ⬩159—County board of education may prescribe reasonable method for raising fund, by reasonable incidental fees, to be used for heating and lighting schoolrooms.**

County board of education may prescribe reasonable method for raising and collecting sufficient fund, by collection of reasonable incidental fees, to be used for heating and lighting schoolrooms of different schools of county, and may delegate such authority to district boards of different schools.

2. **Evidence ⬩178(2)—Oral evidence of resolution of county school board held properly admitted, where it was shown that resolution was passed and entered in minutes of school board, but that book containing minutes had been lost.**

Oral evidence that county school board passed resolution authorizing district trustees to levy and collect whatever incidental fees might be necessary *held* not error, where it had been shown that resolution was passed and entered in minutes of school board, and that book containing minutes thereof was lost or misplaced, and could not be found.

---

3. **Schools and school districts** ☞159—**Incidental fee of 25 cents a month against each child, for purpose of providing fund for heating schoolroom, for brooms,. and for water buckets, held reasonable and proper.**

Assessment of incidental fee of 25 cents per month against each child, for purpose of raising funds to pay for fuel to heat schoolroom, for brooms, and for water buckets, *held* reasonable and proper.

4. **Appeal and error** ☞1058(1)—**Exclusion of letter written by plaintiff's attorneys, if error, held harmless, where defendant examined attorney, who testified as to contents of letter and that he wrote it.**

Exclusion of letter written by plaintiff's attorneys, if error, *held* harmless, where defendant examined attorney, and court permitted attorney to .testify as to contents of letter and that he wrote it.

5. **Appeal and error** ☞1012(1)—**Trial court's judgment in case tried before court, in which witnesses were examined orally, will not be disturbed on appeal, unless contrary to great weight of evidence.**

Where case was tried by court without jury, and witnesses were examined orally, trial court's judgment will not be disturbed on appeal, unless plainly contrary to great weight of evidence.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Separate actions, tried together, by the County Board of Education of Franklin County against Sam Kennedy, against Tom Kennedy, and against David Cooper. Judgments for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Williams & Chenault, of Russellville, for appellants.

The only way of proving that the board did make the assessment was by introducing the records or minutes, not by hearsay. State v. Campbell, 103 So. 471, 212 Ala. 493; Franklin County v. Richardson, 79 So. 384, 202 Ala. 46. Counsel argue other questions, but without citing additional authorities.

Stell & Quillin, of Russellville, for appellee.

The case having been tried by the court without a jury, findings by the court will be presumed to be correct. Cadle v. Bland, 106 So. 170, 213 Ala. 665. The plaintiff had the right to collect a reasonable incidental fee. Bryant v. Whisenant, 52 So. 525, 167 Ala. 325, 140 Am. St. Rep. 41. Parol proof of the resolution was proper. State v. Campbell, 103 So. 471, 212 Ala. 493; Franklin County v. Richardson, 79 So. 384, 202 Ala. 46; Bell v. Jonesboro, 57 So. 138, 3 Ala. App. 652; 17 Cyc. 406, 497, 500; Donegan v. Wade, 70 Ala. 501.

MILLER, J. The county board of education of Franklin county sues Sam Kennedy for $3, Tom Kennedy for $3, and David Cooper for $2.25 for incidental fees due by them respectively for their children, who attended the Hodges consolidated school of that county. There were three separate suits, one against each defendant. By agreement of the parties, all three were tried together, judgment was rendered by the court without a jury in favor of the plaintiff for $3 against Sam Kennedy, for $3 against Tom Kennedy, and for $2.25 against David Cooper. Each defendant appeals from this judgment, and each assigns errors separately.

[1] Each complaint alleges this incidental fee was duly authorized by the county board of education, and it was duly levied under that authority by the trustees of the Hodges consolidated school. This court has held, and it is admitted by appellants, that the county board of education of Franklin county had the right to prescribe a reasonable method for raising and collecting a sufficient fund by reasonable incidental fees, to be used for the purpose of heating and lighting the schoolrooms of the different schools of the county, and to delegate that authority to the district boards of the different schools. Bryant v. Whisenant, 52 So. 525, 167 Ala. 325, 140 Am. St. Rep. 41; Roberson v. Oliver, 66 So. 645, 189 Ala. 82; Williams v. Smith, 68 So. 323, 192 Ala. 428; Ryan v. Sawyer, 70 So. 652, 195 Ala. 69; Hughes v. Outlaw, 73 So. 16, 197 Ala. 452, Ann. Cas. 1918C, 872.

[2] The court permitted oral evidence to be introduced, showing that this county school board passed a resolution authorizing the district trustees in each separate school district to levy and collect whatever incidental fee might be necessary, not to exceed 25 cents per month per child. The court did not err in. admitting this oral testimony as to this resolution being passed, as there was evidence introduced, prior thereto, to the court, tending to show this resolution was passed and entered in the minutes of the school board, and that the book containing the minutes thereof was lost or misplaced, and could not be found. It had been searched for in the office where it was kept, and it could not be found. The evidence tended clearly to show it was lost. Donegan v. Wade, 70 Ala. 501; Preslar v. Stallworth, 37 Ala. 402; Calhoun v. Thompson, 56 Ala. 166, 28 Am. Rep. 754; State v. Campbell, 103 So. 471, 212 Ala. 493.

[3] There was evidence tending to show the trustees of this school charged and assessed each child attending this school 25 cents per month as an incidental fee for the purpose of raising funds to pay for fuel to burn to heat the schoolroom, for brooms to sweep the schoolroom, and for water buckets to contain water for drinking purposes. This fee,

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under the evidence, was reasonable and proper for the purposes mentioned. Ryan v. Sawyer, 70 So. 652, 195 Ala. 69, and authorities supra.

[4] The defendant offered in evidence a letter, written by plaintiff's attorneys, demanding of Tom Kennedy incidental fees for his children amounting to $9.75, and the court sustained plaintiff's objection to it. The defendant cannot complain at this ruling; if error, it was without injury, because he examined the attorney, and the court permitted the attorney to testify to the contents of the letter and that he wrote it. There was evidence tending to show Sam Kennedy owed $3 for his children, Tom Kennedy $3 for his children, and David Cooper $2.25 for his children, as incidental fees at this school.

[5] These causes were tried by the court without a jury. There is ample evidence to sustain the facts found and the judgments rendered by the court. The witnesses were examined orally in the presence of the court. Its judgment under such circumstances should not be disturbed, unless plainly contrary to the great weight of the evidence. These judgments are sustained by the great weight of the evidence, and they will be affirmed. Bolen v. Bolen, 87 So. 797, 205 Ala. 114, headnote 2; Fitzpatrick v. Stringer, 76 So. 932, 200 Ala. 574.

The record is free from reversible error, and the judgments are affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.