(131 So. 893)

## VINCENT v. COUNTY BOARD OF EDUCATION OF TALLADEGA COUNTY.

### 7 Div. 995.

Supreme Court of Alabama.

Jan. 15, 1931.

R. S. Bingham, of Talladega, for appellant.

, Knox, Dixon, Sims & Dixon, of Talladega, for appellee.

### SAYRE, J.

The appeal in this cause, for one thing, draws into question the constitutionality of section 467 of the School Code 1927. The section reads as follows:

"467. *Matriculation Fee May be Charged.* —A matriculation fee may be collected for each semester from all pupils in accredited high schools, including County High Schools, the amount of such fee to be determined by the County Board of Education or the City Board of Education as the case may be, and the proceeds of such fees shall be expended under the direction of the County Board of Education or the City Board of Education as the case may be. A reasonable fee for library, laboratory and shop work may be required, the amount of such fee to be determined by the County Board of Education or the City Board of Education as the case may be."

It is said for appellant that the quoted section violates section 256 of the Constitution, which we quote in relevant part as follows:

"Section 256. The legislature shall establish, organize, and maintain a liberal system of public schools throughout the state for the benefit of the children thereof between the years of seven and twenty-one years."

It is agreed that appellant, plaintiff in the trial court, "is the father of two minor chil-

dren and resides in Talladega County, Alabama, that each of said children are attending the public school of Talladega County, Alabama, at Lincoln, Alabama, and that one of said children is attending the high school there, which is an accredited high school. That there has been fixed by the Board of School Trustees of the Lincoln School, with the approval of the County Board of Education, the sum of $4.00 as an incidental fee to be paid by each pupil attending such school; that one of said children is subject to such incidental fee and that the defendant is liable therefor provided said fee is a legal charge; that the amount charged and demanded is a reasonable charge for the payment of heat, light, repairs and necessary improvements of the grounds and insurance of said school; that as to the other child of the defendant he is attending the high school at Lincoln, Alabama, that the same is an accredited high school, and that a matriculation fee of $4.00 for each semester has been determined upon to be charged by the County Board of Education of Talladega County, Alabama, and the same has been fixed and charged as a matriculation fee at the high school in Lincoln; that if said matriculation fee is a valid fee that the charge is reasonable and is due from the defendant. Defendant says that said $8.00 has been demanded of him and that he has refused to pay the same solely on the ground that such incidental fee and such matriculation fee cannot be charged in the public school in Alabama, and that the provisions of sections 182 and 467 of the Alabama School Code of 1927 are unconstitutional and void, and for that reason and that reason alone defendant has refused and does hereby refuse to pay the same."

The argument against the constitutional validity of the section proceeds upon the hypothesis that the Constitution establishes a system of free public schools. But the language of that instrument, as we have heretofore noted, imposed upon the Legislature the duty to establish, organize, and maintain "a liberal system of public schools." It is quite evident that, if the framers of the Constitution had thought to impose upon the Legislature the duty to establish a system of free public schools, they would have used just that word. "Free" and "liberal" are by no means synonymous. They are both terms of varied meaning and application. The better part of three columns of Webster's New International Dictionary are devoted to definitions of the word "free"; but, as applied to schools, that authority defines a free school as a school where no charge is made for tuition. "Liberal" is also a word of varied meaning. As applied to the public school system we do not doubt that it intends a system as generous and bountiful as a just consideration of the limited power of taxation and the varied needs of the state will in reason justify. Nec-

essarily something must be left to the enlightened discretion of the Legislature which, within constitutional limits, levies taxes and apportions them to the various needs of the state. No doubt a liberal system of public education will be so framed as to give every child between the ages of seven and twenty-one years a chance, but, when details of school management are considered, something must be left to legislative discretion. And in Bryant v. Whisenant, 167 Ala. 325, 52 So. 525, 140 Am. St. Rep. 41, and again in Kennedy v. County Board of Education, 214 Ala. 349, 107 So. 907, this court gave its approval to the imposition of a reasonable incidental fee by which to raise funds for heating and lighting school rooms. We do not doubt that similar charges for other necessary incidental fees may be made when authorized by legislative act.

The Constitution requires "a liberal system of public schools." This means that the schools shall be liberally maintained, and that they should be open to common and general use. But details of management involving charges such as are involved in this appeal may be left to the school trustees in charge. They, of course, are bound to observe the policy disclosed by the Constitution and the statute—the School Code—passed in pursuance thereof and enacted for the purpose of effectuating the objects of the Constitution. But they act in an administrative capacity, as legislative agents, to provide the details of administration, and it cannot be said that such delegation of authority violates any principle of constitutional law, or that the administrative acts here in question do so. State ex rel. Crumpton v. Excise Commissioners, 177 Ala. 239, 59 So. 294, and the cases cited in 12 Corpus Juris, p. 847.

Our conclusion therefore is that neither section 467 of the School Code, nor the regulations of the school trustees made in pursuance thereof violate any pertinent principle of constitutional law.

We quoted in the outset section 467 of the School Code. The record discloses an attack upon section 182 of that Code also. That section permits the school trustees with the approval of the county board of education to fix and collect a reasonable incidental fee to be paid by each pupil entering the schools; money received from such fees to constitute an incidental fund subject to use for repairs, improvement of grounds, insurance, and other incidental expenses. For reasons stated in our consideration of the objections taken against section 467, precisely applicable in principle to section 182, the court holds that the last-named section cannot be avoided on constitutional grounds. If the section is being abused, the remedy must be found in legislative action, or, perhaps, in cases of obvious

abuse, in the courts. The present record shows no case for judicial interference.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.