(133 So. 907)

## ROBERTS v. BRIGHT et al.
### 6 Div. 836.

Supreme Court of Alabama.

March 29, 1931.

Rehearing Denied April 23, 1931.

678

W. Marvin Scott, of Cullman, for appellees.

Wm. C. Rayburn, of Guntersville, for appellant.

GARDNER, J.

The suit is to recover of defendant incidental fees assessed at the school of which he was a patron. Kennedy v. County Board of Education, 214 Ala. 349, 107 So. 907; Vincent v. County Board of Education of Talladega County (Ala. Sup.) 131 So. 893.[1] As preliminary to a trial of the cause upon the merits, defendant sought to require plaintiff,

---

[1] Ante, p. 216.

the county board of education, to first be required to pay costs incident to another suit for like amount against this same defendant instituted by the trustees of school district No. 2, in which a nonsuit was taken; the motion of defendant being rested upon section 7222, Code of 1923.

■ It may be seriously questioned that this statute should be construed as embracing a suit of a public nature conducted in good faith for the public benefit by the trustees as public officers. 5 Pleading & Practice, p. 152; State v. McDuffie, 52 Ala. 4; Salter v. Ivey, 34 Ala. 557; Reynolds v. Blue, 47 Ala. 711. But, that question aside and undetermined, the motion was properly denied upon the theory that the two suits were not "between the same parties or their privies." The parties were of course not the same, but it is insisted that the local trustees of the school and the county board of education were privies within the meaning of this statute. The county board of education has been designated as a quasi corporation, an independent agency of the state for the purposes enumerated in the statute, with broad powers of a legislative, executive, and judicial character. Vaughan v. McCartney, 217 Ala. 103, 115 So. 30; Turk v. County Board, ante, p. 177, 131 So. 436.

The local school trustees are individuals selected from those nominated by the patrons of the school to look after the welfare of that particular school, reporting thereon through the county superintendent to the county board. Section 133, Alabama School Code 1927.

By the term "privies" is meant those who stand in mutual or successive relationship to the same rights of property. 6 Words and Phrases, Third Series, 144. "A person to be in privity must be included in these classes, viz: 'A privy in blood, or estate; or in law.'" Rowe v. Johnson, 214 Ala. 510, 108 So. 604, 606. And in Dinkins v. Latham, 202 Ala. 101, 79 So. 493, 496, is the following: "The term 'privity' or 'privies,' as here used, means mutual or successive relationship to the same right of property; for example, the executor is in privity with the testator, the heir with the ancestor, the assignee with the assignor, the donee with the donor, and the lessee with the lessor." But we forego further discussion, as we think it clear that the local trustees are not privies with the county board so as to be embraced in the provisions of section 7222, supra, and that the defendant's motion was properly denied.

■ The ruling of the court on defendant's plea in abatement is sustained by reference to the local act (Loc. Acts 1919, p. 57), and the case of Southern Ry. Co. v. Fitzpatrick, 195 Ala. 328, 70 So. 164.

■■ The demurrer to pleas 3 and 4 were properly sustained. Construing the averments most strongly against the pleader, the pleas show that the therein named trustees were in possession of such office of trustee of said school and exercising the functions thereof, being at least what may be termed de facto trustees. The averments of the plea constitute but a collateral attack upon their title to such an office, which cannot be done in this proceeding. Section 2583, Code 1923; Conner v. State, 212 Ala. 360, 102 So. 809; 24 R. C. L. p. 570.

The county superintendent of education, who is chief executive officer and secretary of the county board (section 138, Alabama School Code 1927), testified as to the minutes of the board and identified the same which were in his possession. From these minutes it appears a resolution was unanimously passed by the board wherein was provided "a maximum sum of $3.00 per year per pupil for all county schools as an incidental charge to be regularly collectable." A resolution of similar character was approved in Kennedy v. County Board, 214 Ala. 349, 107 So. 907.

■ We are of the opinion the minutes were properly identified and established by the testimony of the county superintendent, and that no error was committed in admitting them in evidence.

■ L. C. Kemp was the principal of the local school, and as such was secretary of the board of school trustees (section 179, Alabama School Code 1927), and custodian of the incidental funds. Section 184, Alabama School Code 1927. His testimony discloses that the trustees met and fixed the sum of $2 per year for each pupil. The only minutes kept were that of a memoranda of the said Kemp showing the amount due as to each pupil, but that the assessment was duly made by the trustees was established by the testimony of the secretary of the board of trustees without contradiction, and, indeed, his testimony is further to the effect that the defendant made a payment of $3 on the amount due by him. There was testimony before the court tending to show the amount was reasonable, and, as above indicated, the sum fixed was considerably below the maximum amount stipulated by the county board. The testimony of Mr. Kemp also tended to show the incidental expenses incurred, what they were for, and the amount collected from this fund to meet the same.

We do not think there was reversible error in the court permitting this witness to say that these incidental fees were necessary for the purposes for which they were expended.

We have considered the questions argued by counsel for appellant, and find no error to reverse.

Let the judgment therefore be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.