(134 So. 461)

# HUGHES v. HARTFORD ACCIDENT & INDEMNITY CO.

## 7 Div. 12.

Supreme Court of Alabama.
April 30, 1931.

Rehearing Denied May 21, 1931.

Chas. F. Douglass, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

**THOMAS, J.**

This is a damage suit against appellee as indemnitor of the Calhoun county board of education, and is based upon personal injuries resulting from the negligent operation of a school bus. The case is here on nonsuit, because of adverse ruling on demurrer to the complaint.

At the time of this injury, the Calhoun county board of education had with appellee an insurance policy carrying the following terms:

"1. To pay within the limits specified in the declarations any loss by liability imposed by law upon the insured for damages on account of bodily injuries (or death resulting therefrom) accidentally sustained during the policy period by any person or persons by reason of the ownership, maintenance or use of any automobile described in the declarations.

"Agrees:

"To defend in the name and on behalf of the assured, any suit alleging such bodily injuries or death or property damages.

"E. No action shall lie against the company until the amount of the damages for which the assured is liable by reason of any casualty covered by this policy is determined, either by final judgment against the assured, or by agreement between assured and the person or corporation making the claim.

"Declarations:

"2. The liability period shall be from noon September 17, 1929 to noon September 17, 1930.

"3(a). Public ⎱ Limit, any one person $5,000.00
  Liability ⎰ Limit, any accident, $10,000.00

"Indorsement:

"In consideration of the premium at which this policy is written, it is hereby understood and agreed by and between the company and the assured named in the policy, that as between the assured and the company, the company will not raise, nor permit its claim representatives to raise in any suit brought against the assured and otherwise covered by the policy, any question of governmental immunity growing out of the exercise of the assured of the governmental function."

The accident causing the injury occurred September 17, 1929. On March 18, 1930, appellant filed a suit against the Calhoun county board of education to recover for said injury, setting up negligent operation of the bus under this policy as the proximate cause. On April 7, 1930, this appellee, through its attorneys, interposed a demurrer to the complaint, the grounds of which were as follows:

"For that defendant is an agency of the State and not subject to a suit on an action of tort.

"For that defendant is not liable for any negligent act of its agents or servants.

"For that defendant is not liable for any negligent act of its driver while driving a school bus.

"For that the alleged wrong, if committed at all, was committed by defendant's said agent while performing a governmental function and defendant would not be liable.

"For that any funds in the hands of defendant could not be made liable to the payment of plaintiff's claim for damages."

Counsel for appellant admits that, when these grounds of demurrer were interposed, appellant conceded that they were well taken as a matter of law; that, as against this defense, a suit of such nature could not be maintained against the defendant, Calhoun county board of education.

It is insisted that, on the theory of estoppel, appellee, setting up this insurmountable defense, had waived its right under the contract to have judgment against the Calhoun county board of education, as a condition precedent to suit against it.

The instant complaint sets out the policy provisions above quoted, the suit against the Calhoun county board of education, grounds of demurrer shown, and describes the injury ascribed as the proximate result of the negligent operation of the school bus. The suit is in a double aspect: First, breach of agreement to refrain from setting up the immunity of the board of education from suit; and, second, that in preventing the maintenance of the suit against the Calhoun county board of education it subjected itself to a direct suit.

Appellee interposed demurrer to the complaint as amended, alleging, in substance, that the policy is not set out; that appellee agreed to meet only such liability as is by law imposed upon the insured; that appellant admits that there is no liability against the insured; that the indorsement on the policy was only for the benefit of the insured; that the agreement not to raise the point of governmental immunity was a matter solely.between appellee and insured; and that appellant is without right to proceed with suit against appellee in advance of judgment against the insured. The demurrer was sustained and a nonsuit taken on account of the adverse ruling.

The contention of appellant, as stated by counsel for appellant, is to the effect that the Calhoun county board of education, in its general control over the schools, had implied authority to make this insurance contract with appellee; that if, without such implied authority, it received the premium money and still holds it, it is estopped from setting up invalidity of the contract; that this contract could not be for the benefit of the board of education as such, because it is not subject to suit in tort for damages arising from negligent operation of a school bus; that, under the wording of the clauses quoted, the contemplation of the contract was to indemnify such parties as might, through negligent bus operation, have claims against the board of education, but for its immunity from suits of this character; that the agreement not to set up governmental immunity was for the benefit of a class to which appellant belongs; and that she has a right to sue and recover damages for breach of the agreement, and through breach of this agreement it has prevented performance of the condition precedent, to wit, judgment against said board and authorizes this direct suit.

■ We will consider the several insistences made in argument of counsel. The authorities are abundant that contracts not contrary to law and the public policy of the state may ordinarily be made for the benefit of third parties directly interested. Jefferson County Board v. Union Ind. Co., 218 Ala. 636, 119 So. 837; Shine v. Nash Abstract & Investment Co., 217 Ala. 498, 117 So. 47; Fite v. Pearson, 215 Ala. 521, 111 So. 15; Alabama Power Company v. Hamilton, 201 Ala. 62, 77 So. 356; North Alabama Development Co. v. Short, 101 Ala. 333, 13 So. 385.

■■ Had the county board the implied authority to insure its bus transportation for the benefit of the occupants thus transported by contract? There are many sections of the school law that impose upon and imply varied duties and powers of the county board (School Code, §§ 86–137), and likewise of the school trustees (sections 178–187, School Code).

This is to say, such board may prescribe reasonable methods of raising funds, employ, supervise, consolidate, build, insure, transfer school children and transport them in providing and operating a uniform and effective system of public schools throughout the counties of the state. Board of Education of Jefferson County v. State ex rel. Kuchins (Ala. Sup.) 131 So. 239; [1] Kennedy v. County Board of Education, 214 Ala. 349, 107 So. 907; Bryant v. Whisenant, 167 Ala. 325, 52 So. 525, 140 Am. St. Rep. 41; Vincent v. County Board of Education (Ala. Sup.) 131 So. 893.[2] And the general administration and supervision of educational interest are vested in said boards. Section 86, School Code.

In Ryan v. Sawyer et al., 195 Ala. 69, 70, 71, 70 So. 652, 653, it is observed that: "It is therefore entirely reasonable to conclude that it was the legislative intent, in fixing their powers, to include the authority in the district trustees to provide for necessary fuel for the schools in the general words 'care for all school property,' and this especially in view of the other duties of said trustees and of the evident purpose of their selection. As said in State ex rel. Priest v. Univ. Wis., 54 Wis. 159, 11 N. W. 472, a case cited in Bryant v. Whisenant, supra: 'Implied power is an incident of general power granted, and is peculiarly applicable to corporations governed by boards of regents, trustees, directors, and the like.'"

Section 132 of the School Code provides in substance as follows: "County Board determines necessity of condemning property. Dean v. County Board of Education, 210 Ala. 256 (97 So. 741). County Board quasi-corporation and may sue or be sued. County Board of Education v. Watts, 19 Ala. App. 7 (95 So. 498); [Ex parte Watts] 209 Ala. 115 (95 So. 502); Allred v. Dunn, 207 Ala. 469 (93 So. 390); Wall-Hay-Wall Lbr. Co. v. Mathews ([211 Ala. 426] 100 So. 824); Kimmons v. County Board of Education, 204 Ala. 384 (85 So. 774); Effect of acceptance of bid by Board, County Board of Education v. Cement Products Co., 209 Ala. 310 (96 So. 236). County Superintendent cannot bind Board without Boards consent. North Alabama Lbr. Co. v. County Board of Education, 210 Ala. 254 (97 So. 734)." May borrow money for current expenses and pledge subsequent funds, Heustess v. Hearin, 213 Ala. 106, 104 So. 273.

By section 134 it is provided as to insurance that: "The County Board of Education is charged with the duty of seeing that every school building whose title is vested in the State, County or school district is insured for its insurable value, and to this end may use a part of the proceeds of incidental fees, district tax levies, or such other funds as may

---

[1] 222 Ala. 70.    [2] 222 Ala. 216.

be specifically set apart for such purpose by the County Board of Education." School Code, § 134, p. 57. However this may be, that board had the right to contract as it did. In bringing the suit, plaintiff admits she was not a party to the policy; that she had not complied with the terms of the policy; that there is no legal liability on the part of the Calhoun county board of education for the collision that caused her injuries and of which complaint is made, and relies upon the theory of estoppel without indicating in what respect the board acted, or refrained to act, thereon to her prejudice. The contract provision was against liability imposed by law upon the insured, and it is admitted, and such is the fact, that no liability is imposed by law upon assured under the decisions. White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454; Authorities cited in Finnell v. Pitts, 222 Ala. 290, 132 So. 2.

It may be further observed that the express contract provision or limitation was that no action shall lie against the insurer until judgment is rendered or agreement of settlement made by the assured, and there was no such judgment or settlement rendered or concluded against or by assured. Such conditions or no action clauses in insurance policies have been upheld. Hollings v. Brown, 202 Ala. 504, 80 So. 792; Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Globe Ind. Co. v. Martin, 214 Ala. 646, 108 So. 761; 59 A. L. R. 1125, 1126, note.

The plaintiff has not sought to proceed in equity under sections 8376, 8377, of the Code, and, had she done so, would have been met by the failure of contract requirement that judgment be rendered against the said county board, or by its agreement as to the claim made within the express provisions of the policy.

The "Indorsement," set out above, and upon which appellant insists gave her the right of action, is in plain terms inter partes, and not for direct interest of third parties—as that between the assurer and the assured—governmental immunity growing out of the exercise of the assured of the governmental function would not be claimed by the assured. It was not contracted that such defense would not be pleaded as to third parties.

The ruling of the trial court is free from error in sustaining the demurrer to the complaint as amended.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.

