94 So.2d 758

J. T. SHIREY et al., Members of County Board of Education of DeKalb County,

v.

CITY BOARD OF EDUCATION OF FORT PAYNE.

7 Div. 325.

Supreme Court of Alabama.

March 14, 1957.

Rehearing Denied May 9, 1957.

Max J. Howard and J. C. Kellett, Fort Payne, for appellees.

W. M. Beck and C. M. T. Sawyer II, Fort Payne, for appellants.

MERRILL, Justice.

This case was commenced by the City Board of Education of Ft. Payne, Alabama, by filing a petition in the DeKalb County Circuit Court for an alternative writ of mandamus directed toward the appellants, individually and as members of the DeKalb County Board of Education, to require the appellants to deliver to the appellee the supervision, management and control of the DeKalb County High School, which is within the city limits of the City of Ft. Payne, Alabama, a city which exceeded 2500 in population according to the 1950 Federal Decennial Census.

The petition was verified and the court entered an order requiring the clerk to issue the alternative writ. Appellants filed a motion to quash the writ, and the motion to quash was stricken on motion of the appellee. Then the appellants filed a plea in abatement challenging the appellee's authority to file the proceedings because it sought the recovery of real property, and asserting that the City of Ft. Payne was the proper authority to maintain said action, and on the further ground that the court was without authority to entertain the proceedings since the writ did not inform the appellants of the facts upon which the writ was based. The court sustained demurrers to the plea in abatement.

The appellants then filed demurrers to the writ and to the petition, setting forth thirty-seven grounds of demurrer, attacking the petition and writ on the grounds that the petition did not state facts which would authorize the issuance of the writ, and that the writ did not set forth facts that would authorize the court to act on it as no legal duty was shown in said writ to be due from the appellants to the appellee. The court overruled the appellants' demurrers.

The appellants then filed their answer or return, setting up twelve grounds of defense. The court sustained demurrers to the defenses numbered 6, 7, 8, 11 and 12, most of which set up laches as a defense; and then heard the cause on appellants' defenses numbered 1, 2, 3, 4, 5, 9 and 10 and the original petition, as amended. The effect of these defenses was that there was no duty or authority for the County Board to transfer control of the school to the City Board of Education. After hearing the evidence, the court granted the writ ordering the appellants to deliver over to the appellee the supervision, management and control of DeKalb County High School and to deliver to appellee a statement in writing of the indebtedness of the school.

This appeal was taken from the granting of the writ, and all the above-mentioned rulings adverse to appellants were assigned as error.

The petition shows that the City Board of Education requested the County Board of Education to deliver the supervision, management and control of the DeKalb County High School to it and that this request was refused by a resolution passed by the County Board in 1954.

■ Appellants challenged the alternative writ because in one instance it was addressed to them only as individuals. Every pleading shows that the suit was against the defendants individually and as members of the County Board of Education of DeKalb County. This is the correct procedure. As stated in Williams v. Board of Dental Examiners of Alabama, 222 Ala. 411, 133 So. 11, 12:

■ "It is the rule in this jurisdiction that a writ of mandamus, civil remedy and a personal action, that must be directed against persons in office, and not alone against the office, board, or commission as such, is to compel the performance of a duty resting upon such person to whom it is sent or directed. [Citing cases.]"

■ It is also insisted that the alternative writ or rule nisi should have set out

the facts showing that the appellants had a duty to turn over the control and management of the school to the appellee. It is true that the petition itself has spent its force once the alternative writ or rule nisi is issued, and that the alternative writ or rule nisi then becomes the pleading to be answered by the respondents in their return. See Hughes v. State ex rel. Brewer, 252 Ala. 202, 40 So.2d 325; Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880. There is no requirement, however, that all the facts be set out in the alternative writ or rule nisi showing the duty of the respondents to perform the act. The two cases cited, supra, also cited by the appellants, do not so hold. Mandamus is commenced by a petition, and the petition constitutes the first pleading in the case. Kendrick v. State ex rel. Shoemaker, 256 Ala. 206, 54 So.2d 442.

█ This is not a suit for the recovery or protection of money or property, or for damages, since title to the property involved is in the state, and therefore the City Board of Education has the power to instigate these proceedings without joining the city as a party. See City Board of Education of Athens v. Williams, 231 Ala. 137, 163 So. 802. This cause is, therefore, not within the terms of Tit. 52, § 161, Code of 1940.

Title 52, § 148, as amended, defines a "city," for educational purposes, as a municipality having a population of 2500 or more inhabitants according to certain censuses, including the Federal census. Ft. Payne's population exceeded 2500 in 1930 and, in 1950, was 6,226 inhabitants.

Title 52, § 158, Code 1940, provides:

"The city board of education is hereby vested with all the powers necessary or proper for the administration and management of the free public schools within such city and adjacent territory to the city which has been annexed as a part of the school district which includes a city having a city board of education."

█ The appellants contended that the DeKalb County High School is not a "free public school" within the meaning of § 158, supra, because a matriculation or incidental fee of $4 per year is paid by Junior High School students and $6 per year by Senior High School students. These fees were charged pursuant to Tit. 52, § 437, which allows a board of education to collect matriculation and incidental fees from high school students, which fees were held not to be tuition and not to be in conflict with a statutory requirement that the public school system be free to minors over seven years of age. Bryant v. Whisenant, 167 Ala. 325, 52 So. 525; Roberson v. Oliver, 189 Ala. 82, 66 So. 645; Kennedy v. County Board of Education, 214 Ala. 349, 107 So. 907. It is our considered opinion that the Legislature did not intend, by enacting § 437, to permit the various boards of education to take their schools out of the definition of "free public schools" by the charge of a small matriculation or incidental fee. This is all the more certain because the cited section permitting matriculation and incidental fees in high schools was adopted after the decisions in the cases cited, supra, and contemporaneously with a section expressly stating that the schools shall be free to all children over six years of age. Tit. 52, § 93, Code 1940, repealed Act 201, Acts of Alabama 1955, page 492. We, therefore, hold that the DeKalb County High School is a "free public school" within the meaning of Tit. 52, § 158.

█ It is insisted that the appellee is barred from obtaining the relief it seeks because of the doctrine of laches; in that, Ft. Payne became a "city" within the meaning of the statute in 1930, and the City Board of Education waited twenty-four years to attempt to obtain control of the DeKalb County High School. In support of this contention, appellants cite Faircloth v. Folmar, 252 Ala. 223, 40 So.2d 697, and

Folmar v. Brantley, 238 Ala. 681, 193 So. 122. Both of these cases quote the following statement from Banks v. Mobley, 4 Ala.App. 510, 513, 58 So. 745, 746, concerning the doctrine of laches as it is applied to mandamus proceedings:

"* * * and where the relator has slept upon his rights for an unreasonable length of time, and the legal right is doubtful because of the application of the doctrine of laches, the facts having become obscured and the performance of the act required necessitating the determination of disputed questions, the court may properly exercise a discretion in refusing the application, taking into consideration the statute of limitations in analogous civil actions."

We think the delay in this case has not resulted in the obscuring of any facts, and that the court below properly exercised its discretion in determining that the appellee was not barred by the doctrine of laches. At any rate, there is no abuse of that discretion.

We think mandamus was a proper remedy in this case since the act demanded was nothing more than a ministerial duty of the appellants. Where a clear legal duty is enjoined upon an officer to do a ministerial act, which he refuses to do to the hurt of another, and there is no other adequate remedy provided by law, the aggrieved party may, by proper petition and proof, coerce action by the one in default by mandamus. State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602; Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845.

There was no reversible error in the proceedings in the circuit court. The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.