# Little *et als. v.* The City of Bessemer *et als.*

*Bill in Equity to enjoin Persons from acting as Officers.*

1. *Chancery jurisdiction cannot enjoin person from acting as officer.*—A court of chancery is not the proper tribunal for testing the right to public office; and, therefore, such court is without jurisdiction to issue an injunction restraining persons from acting as public officers. The remedy in such case is *quo warranto.*

APPEAL from the City Court of Bessemer, in Equity. Heard before the Hon. B. C. JONES.

The bill in this case was filed by the appellees, the city of Bessemer, the Mayor and Board of Aldermen of the city of Bessemer, and the individuals constituting

the said Board of Mayor and Aldermen, against appellants, and prayed to have some of the defendants enjoined from exercising the functions of the office of Police Commissioner, and some of the other defendants from acting as Policemen, under their appointment by the police commissioner; it being averred that the defendants who acted as police commissioners did so under and by virtue of an act of the Legislature "To establish a Board of Police Commissioners for the City of Bessemer," etc. Upon the filing of the bill temporary injunction was issued. The defendants moved to dismiss the bill and to dissolve the injunction, upon the grounds that the bill contained no equity and that the complainants could obtain full and adequate relief in a court of law. Upon submission of this cause, on said motion, the judge of the court, sitting as chancellor overruled said motion. From this decree the defendants appeal and assign the rendition thereof as error.

PINCKNEY SCOTT, L. D. GODFREY and BOWMAN, HARSH and BEDDOW, for appellant, cited *Beebe v. Robinson*, 52 Ala. 66; *Moulton v. Reid*, 54 Ala. 323; *Hill v. State*, 1 Ala. 560; *Ex Parte Lambert*, 52 Ala. 82; *Ex Parte Harris*, 52 Ala. 89.

W. F. PORTER, *contra*, cited—2 High on Injunctions § 1315; *Brady v. Sweetland*, 13 Kan. 41; *Kerr v. Frego*, 47 Pa.

DOWDELL, J.—The right to public office cannot be tested by injunction on a bill in equity. The remedy is by *quo warranto.*—*Beebe v. Robinson*, 52 Ala. 66; *Moulton v. Reid*, 54 Ala. 323; High on Injunctions, (3d ed.), § 1312. The court erred in overruling the motion to dismiss the bill and dissolve the injunction. The decree of the court will be reversed and a decree will be here rendered dissolving the injunction and dismissing the bill.

[Howison v. Baird.]

This cause was submitted together with the case of
*E. A. Little et al. v. T. T. Huey, et al, ex rel. The State,*
which latter case is a proceeding by *quo warranto,* and
in which the questions sought to be presented for review
by the present case are considered and determined.—E.
*A. Little et al v. Huey, et al.,* 137 Ala. 640.

Reversed and rendered.