(100 South. 99)

**CHRISTIAN v. JONES, Superintendent of Public Schools. (6 Div. 109.)**

(Supreme Court of Alabama. April 24, 1924.)

Mandamus ☞79—Schools and school districts ☞172—Board of education did not abuse discretion in rule against pupils leaving grounds; and mandamus would not lie to compel reinstatement of pupil suspended by such board.

Board of education did not abuse the discretion vested in it under Acts 1919, p. 567, in adopting rule forbidding pupils to leave school grounds during school hours to receive instruction elsewhere, and hence mandamus will not lie to compel reinstatement of pupil suspended for violating it.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Petition of Mrs. J. W. Christian for writ of mandamus to Lucian Jones, as Superintendent of the Jasper Public Schools. From a judgment dismissing the petition, petitioner appeals. Transferred from court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. F. Finch, of Jasper, for appellant.

Mandamus is the proper remedy in this case. Hughes v. Outlaw, 197 Ala. 452, 73 South. 16, Ann. Cas. 1918C, 872. Rules and regulations of the school board must be reasonable. 35 Cyc. 1134. A parent has the right to direct what studies his child shall pursue, and to have his child, while attending school, to take instruction in music or other subjects from private teachers. Morrow v. Wood, 35 Wis. 59, 17 Am. Rep. 471;

State v. Sch. Dist., 31 Neb. 552, 48 N. W. 393; Sch. Board v. Thompson, 24 Okl. 1, 103 Pac. 578, 24 L. R. A. (N. S.) 221, 138 Am. St. Rep. 861, 19 Ann. Cas. 1188; Kelly v. Ferguson, 95 Neb. 63, 144 N. W. 1039, 50 L. R. A. (N. S.) 266.

A. F. Fite, of Jasper, for appellee.

Power to regulate and control public schools resides in the Legislature. Dickinson v. Cunningham, 140 Ala. 527, 37 South. 345. Which is delegated to the school board and superintendent of schools. Acts 1919, pp. 567, 596.

GARDNER, J. Appellant filed this petition for mandamus against appellee, who is superintendent of the public schools of the city of Jasper, Ala., for the reinstatement of her child in said school. Respondent's demurrer to the petition was sustained, and to review such ruling petitioner has prosecuted this appeal.

Relator's daughter was a pupil in the public school of Jasper. It was also desired that she be given music lessons. A music teacher is provided in the school building, though music is not a part of the course, and the patrons pay tuition therefor to the teacher. Relator, however, preferred another teacher (a Mrs. Cheatham), not connected with the school, and whom she had previously patronized. Mrs. Cheatham's studio was only a few hundred feet from the school, and petitioner desired her daughter to be permitted to leave the school during school hours and go to Mrs. Cheatham's studio for musical instructions. The board of education of the city would not permit this, and the rule was established that pupils should not leave the school grounds for instructions during school hours. Petitioner, in violation of this rule, had her daughter to leave the school during school hours, and attend her music lessons at Mrs. Cheatham's studio. Respondent, the school superintendent, suspended petitioner's daughter on account of the violation of this rule and leaving school without permission, hence this litigation.

The Legislature (Acts 1919, p. 567) has clothed the city board of education with authority to prescribe rules and regulations for the conduct and management of the schools, and the superintendent is the executive officer of the board, who is to exercise supervision and control over the schools, and the duty is enjoined upon the superintendent to see that the rules and regulations of the board are carried into effect. Section 6 of article 8 of the above-cited act reads as follows:

"The city board of education is hereby vested with all the powers necessary or proper for the administration and management of the free public schools within such city subject to the provisions of this act."

It thus appears that a very broad discretion is vested in the city board as to the management and conduct of the public schools.

We quote with approval the following from Wilson v. Board of Education, 233 Ill. 464, 84 N. E. 697, 15 L. R. A. (N. S.) 1136, 13 Ann. Cas. 330:

"The power of the board of education to control and manage the schools and to adopt rules and regulations necessary for that purpose is ample and full. The rules * * * necessary to a proper conduct and management of the schools are, and must necessarily be, left to the discretion of the board, and its acts will not be interfered with nor set aside by the courts, unless there is a clear abuse of the power and discretion conferred."

—and, as said by the Iowa court in Kinzer v. Directors, 129 Iowa, 441, 105 N. W. 686, 3 L. R. A. (N. S.) 496, 6 Ann. Cas. 996:

"The presumption is in favor of the reasonableness and propriety of the action of the board."

Numerous cases are cited in the note to 35 Cyc. 1134, and State ex rel. Kelley v. Ferguson, 95 Neb. 63, 144 N. W. 1039, 50 L. R. A. (N. S.) 266, but a review of these authorities would serve no useful purpose.

That the rule adopted by the board was well within their power and discretion is not questioned. In view of this broad discretion vested in the board, this court can only interfere in the event of an arbitrary exercise or abuse thereof. Very clearly such a case is not here presented. The fact that inconvenience, or even some hardship, may result to petitioner and others who desire to patronize a music teacher outside the school is but a mere incident, and does not of itself argue the unreasonableness of the rule or abuse of discretion of the board. As a matter of precedent it may be easily seen that to permit what petitioner here seeks might in the course of time prove detrimental to the orderly conduct of the school. In any event, the board has so determined, and no abuse of their discretion appears, and respondent, as superintendent, was but carrying into effect the regulations of the board in suspending petitioner's child.

The trial court correctly ruled, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.