(108 So. 588)

STATE ex rel. KING et al. v. COUNTY BOARD OF EDUCATION OF RUSSELL COUNTY.   (4 Div. 272.)

(Supreme Court of Alabama.   April 15, 1926. Rehearing Denied May 20, 1926.)

1. Schools and school districts ⬅️48(6).

County boards of education, under Const. 1901, § 256, and School Code, § 77, have very broad discretion in administration and supervi-

sion of public schools and educational interests of county.

2. Schools and school districts ⬅️19(1), 20—
Constitution, providing public school fund be apportioned by county boards of education so as to provide as nearly as practicable school terms of equal duration, gives board much discretion, for which court's discretion cannot be substituted (Const. 1901, § 256).

Const. 1901, § 256, providing that public school fund shall be apportioned by county boards of education so as to provide school terms in various schools as nearly as practicable of equal length, gives the board much discretion, for which the court's discretion cannot be substituted.

3. Mandamus ⬅️79.

Where county boards of education abuse their discretion in apportioning public school funds, mandamus lies.

4. Schools and school districts ⬅️48(6).

Mere exercise of honest judgment by county board of education, though erroneous, is not abuse of discretion.

5. Mandamus ⬅️154(2).

Allegation that county board of education abused its discretion in apportioning public school funds, where facts stated do not warrant conclusion, is insufficient to raise the issue.

6. Mandamus. ⬅️15—Mandamus to compel county board of education to reapportion school funds will be refused, where it would introduce confusion in schools because they are in operation.

Mandamus to compel county board of education to reapportion public school fund will be denied, where it would tend to introduce confusion or disorder in schools because they are already in operation.

Appeal from Circuit Court, Russell County;  J. S. Williams, Judge.

Petition of the State, on the relation of Eugene L. King and others, for mandamus directed to the County Board of Education of Russell County.   From a judgment for respondent, relators appeal.   Affirmed.

Roy L. Smith, of Phenix City, and F. M. De Graffenried, of Seale, for appellants.

Mandamus is the proper remedy to correct errors of inferior tribunals and to prevent a failure of justice, where there is a clear right, and absence of any other adequate remedy, as in this case.   Foshee v. State, 210 Ala.·155, 97 So. 565; Christian v. Jones, 211 Ala. 161, 100 So. 99, 32 A. L. R. 1340; Roberson v. Oliver, 189 Ala. 82, 66 So. 645; Williams v. Smith, 192 Ala. 429, 68 So. 323; Hughes v. Outlaw, 197 Ala. 452, 73 So. 16, Ann. Cas. 1918C, 872; Wright v. Campbell, 212 Ala. 493, 103 So. 471.   Section 256 of the Constitution is mandatory.   Elsberry v. Seay, 83 Ala. 614, 3 So. 804.   The power of the county board is limited to' such an apportionment of funds as

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

will provide as nearly as practicable equal school terms. Bickley v. Keenan Co., 60 Ala. 293; School Code, § 207; Board of Education v. Watts, 19 Ala. App. 7, 95 So. 498.

B. De G. Waddell, of Seale, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

The office of mandamus is to compel an inferior tribunal to take action, but not to direct what action shall be taken. State v. Hamil, 97 Ala. 107, 11 So. 892; State v. Williams, 69 Ala. 311; Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 25 So. 44; Lamar v. Commissioners, 21 Ala. 772. Courts may exercise discretion in granting or refusing mandamus, where same would necessitate the decision collaterally of questions of importance to persons who are not parties or have no opportunity to be heard. Ex parte Du Bose, 54 Ala. 278; Taylor v. Kolb, 100 Ala. 603, 13 So. 779.

GARDNER, J. Phenix City is a municipality of this state of more than 2,000 inhabitants, situated partly in Lee, and partly in Russell, counties. The board of education of Russell county apportioned out of the public school funds to Phenix City for the public schools thereof situated in Russell county the sum of $10,449.54 for the school year 1925–26. The representatives of said city and its board of education requested of the county board a reapportionment of the funds to the end that the amount to be apportioned for said city be increased to not less than $13,000; the insistence being that the public schools of said city could not be operated for as lengthy a term as other public schools of the county, unless the apportionment was so increased and a discrimination thereby result. The request was denied. Subsequently this petition for mandamus was filed by the city and its board of education to compel a reapportionment of the public school funds by the county board, and specifically to require that a sum not less than $13,000 be apportioned to Phenix City.

Demurrer to the petition was sustained, and demurrer to the answer overruled, and relief denied, from which judgment relators prosecute this appeal.

In section 256 of the Constitution of 1901, it is provided that:

"The public school fund shall be apportioned to the several counties in proportion to the number of school children of school age therein, and shall be so apportioned to the schools in the districts or townships in the counties as to provide, as nearly as practicable, school terms of equal duration in such school districts or townships,"

—and section 207 of the School Code is to the effect that the county boards of education apportion the public school funds "awarded to their respective counties to the several schools and cities of two thousand or more inhabitants, according to the last or any succeeding federal census, in their counties so as to provide, as nearly as practicable school terms of equal duration exclusive of any local funds provided by the school district."

[1] The general administration and supervision of the public schools and of the educational interests of each county (with exceptions not here necessary to specify) is vested in the county board of education (section 77, School Code), and numerous provisions of our statutes disclose the very broad latitude of authority granted to such board. Such boards are vested with a very broad discretion. Christian v. Jones, 211 Ala. 161, 100 So. 99, 32 A.-L. R. 1340.

[2] The qualifying words "as nearly as practicable," found in the provisions of our Constitution and statute, quoted above, to the effect that these boards apportion the public school funds so as to provide, as nearly as practicable, school terms of equal duration, disclose a further intention that in such apportionment the board is to continue to exercise a wide discretion. The county board is presumed to be acquainted with the local needs and expenses incident to the administration of the county schools. A term of equal duration for each of the public schools is the goal to be attained, if practicable. But the words "as nearly as practicable" disclose that exaction in that respect may not always be attainable from a practical standpoint, and therefore much must be left to the wise discretion of the board in the conscientious discharge of its delicate and responsible duties, a discretion which is judicial in its nature. Very clearly, it was not the purpose of the lawmakers that the discretion of the court be substituted for that of the county boards. Taylor v. Kolb, 100 Ala. 603, 13 So. 779; Green v. State, 73 Ala. 26; State v. Curtis, 210 Ala. 1, 97 So. 291; Armstrong v. O'Neal, 176 Ala. 611, 58 So. 268.

[3] But it is insisted there has been an abuse of discretion shown, which may be redressed by mandamus. Our decisions lend support to the theory that the actions of such county boards are reviewable for abuse of discretion. Christian v. Jones, 211 Ala. 161, 100 So. 99, 32 A. L. R. 1340; Hughes v. Outlaw, 197 Ala. 452, 73 So. 16, Ann. Cas. 1918C, 872; Williams v. Smith, 192 Ala. 428, 68 So. 323; Roberson v. Oliver, 189 Ala. 82, 66 So. 645; State v. Campbell, 212 Ala. 493, 103 So. 471; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 So. 820; Foshee v. State, 210 Ala. 155, 97 So. 565.

[4, 5] But, as said by the Michigan court in Tug & Wrecking Co. v. Circuit Judge, 75 Mich. 360, 42 N. W. 968, the exercise of an honest judgment, though erroneous, is not an abuse of discretion. And in Merrill on Mandamus, § 41, referring to this question, is the following:

"But the action of an officer in a matter which calls for 'the exercise of his discretion or judgment will not be reviewed by the writ of mandamus, unless he has been guilty of a clear and willful disregard of his duty, or such action is shown to be extremely wrong or flagrantly improper and unjust, so that the decision can only be explained as the result of caprice. passion, or partiality. * * * Simply to say in a petition for a mandamus that the officer abused his discretion is merely to apply an epithet without defining the act."

The supervision and management of the public schools of Phenix City is vested in the city board of education, and not the county board. The number of teachers, their salaries, and other matters of expenditure and finance, rest with the city board. As appears from the petition, approximately one-half the white children are within the area embraced in the Russell county portion of Phenix City, while the remainder are scattered over the large territory of the county outside said city. The county board may have reached the conclusion that the larger school in Phenix City could be conducted at a less cost per scholar than the smaller schools throughout the county, and, further, that in their honest judgment and opinion the Phenix City school was capable of operation at a less expense than employed by the city board.

These are matters that the court may not know and understand, but are only proper to be considered in connection with a review of the action of the county board in the exercise of a wide discretion. As previously stated, a mere exercise of an honest judgment, though erroneous, does not constitute an abuse of discretion. We are of the opinion that the facts alleged are not sufficient to show such an abuse of discretion as to justify judicial interference, and the mere averment that there has been such abuse—the facts stated not warranting such a conclusion—is insufficient as appears from the foregoing quotation of Merrill on Mandamus.

[6] We are inclined to the view that a denial of the writ may properly be rested upon the further ground that to award it would tend to introduce confusion or disorder in the public schools of Russell county, which are already in operation upon the apportionment as fixed by the county board. A reapportionment of this time would doubtless create confusion or disorder in the public school system of the county.

"Mandamus is not a writ of right, and the granting or denial of an application for mandamus rests very largely within the discretion of the court. * * * Mandamus, being a discretionary writ, will not be granted, when it would work injustice, or introduce confusion or disorder, or where it would not promote substantial justice." Bibb v. Gaston, 146 Ala. 434, 40 So. 936.

It results that in our opinion the trial court committed no error in denying the writ, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.