170 So. 765

**REED v. McCRACKEN et al.**

**2 Div. 68.**

Supreme Court of Alabama.

Nov. 19, 1936.

· W. W. Patton and Geo. O. Miller, both of Livingston, and McQueen, McQueen & McQueen, of Tuscaloosa, for appellees.

KNIGHT, Justice.

· Suit by Joseph Reed, minor, suing by his next friend, against G. W. Brock and Harold McCracken, to recover damages for personal injuries sustained by him in a collision between a motor driven school bus, in which plaintiff was a passenger, and a lumber truck upon one of the public highways of Sumter county.

The plaintiff's case, when it went to the jury, consisted of four counts numbered and lettered 1, A, B, and C. Each of the counts, we may say, predicated recovery against the defendant G. W. Brock upon the principle of respondeat superior, in that it was charged that the said Brock operated, or caused to be operated, the offending bus, by and through an agent, servant, or employee. By the several counts of the complaint it was charged that appellee Brock was operating the school bus by and through his agent or servant Harold McCracken.

To be entitled to recover for his alleged injuries under the complaint as drawn, the question of negligence aside, it was essential that the plaintiff should

establish by the evidence to the reasonable satisfaction of the jury not only that the school bus was driven by the said McCracken, but that the said McCracken was driving it at the time of the injury as the agent or servant of said Brock, and acting within the line and scope of his employment as such agent or servant. In short, that the offending bus was being operated at the time by Brock, through McCracken, his servant.

The case was tried upon pleas of the general issue by both defendants. The trial resulted in a verdict for defendant Brock under the general charge given in his behalf by the court, and a verdict against the defendant McCracken for 1 cent. Against the defendant McCracken the court gave the general charge at the request of the plaintiff. McCracken has not appealed. Evidently he was satisfied with the instruction of the court and the verdict of the jury.

The appellant, plaintiff in the court below, has assigned many errors upon the record, but in brief has rather invited a decision upon the merits of the case, as presented by the action of the court in charging the jury, at the written request of Dr. Brock, that, under the evidence, the plaintiff could not recover as against said Brock. We say this, because, in his brief, we find the following: "While the other assignments (relating to admission and exclusion of evidence)" (with the exception of assignment 18) we think meritorious, they are not really vital nor decisive of the case.

"We do not abandon these assignments, but shall argue and insist upon them, yet we say in full frankness to the court we particularly ask a reversal and a decision upon the merits of the case, and shall direct our argument, most largely, to that end." And he has.

The plaintiff, a young boy some 15 years of age, was a pupil during the month of February, 1931, at the State Normal School at Livingston, Ala., a state institution owned and operated by the state through the State Board of Education. Dr. G. W. Brock, one of the defendants, was the duly elected president of said institution at the time of the occurrence of the accident complained of, and had been such president for more than a quarter of a century. He was elected to this position in more recent years by the State Board of Education. During the time that he

has been at the head of this institution he has made his reports to said State Board of Education. The state appropriates the funds to operate said school, and Dr. Brock reports all receipts and disbursements to the board, and nomination of teachers and financial secretary, but he employed "without nomination, or referring to anyone, all other employees, including the drivers of the buses."

It appears that the Sumter County School Board, in order to consolidate its schools, as much as possible, entered into a contract with the State Normal School at Livingston, by which this normal school agreed to take pupils from the public schools of the county and also agreed to transport these pupils to and from their homes to the school, and for which service the Sumter County School Board agreed to pay the said State Normal School certain amounts, and also agreed to pay a certain amount monthly for the transportation of the pupils.

The evidence is without conflict, as we read and construe it, that this agreement was by and between the State Normal School, at Livingston, and the Sumter Board of Education, and not between Dr. Brock, individually, and the Sumter County Board of Education. Dr. Brock, in his reports to the State Board of Education, reported these matters, the amounts to be received from the Sumter Board of Education, and the amount to be paid for transportation, to the State Board of Education, and received the approval of the State Board of Education, expressed in properly adopted resolutions. It further appears without dispute that the school busses used in the transportation of the pupils were bought and paid for by funds of the said State Normal School, that the gasoline used in the operation of said busses was bought by the State Normal School, and paid for in each instance with funds of said school. It further appears that the driver of the bus which caused the injury to plaintiff was hired by the said State Normal School, acting through Dr. Brock, its president, and his services were paid for by said school by exempting him from certain fees and making him certain allowances as board, etc. All funds paid by the Sumter School Board of Education for transportation and for tuition were paid to said State Normal School. Not one penny was paid to or received by Dr. Brock for his personal ben-

efit. It was all paid into the school treasury, and expended for school purposes.

The said State Normal School also provided for the services of a competent man to look after the condition of said busses, and to make proper and necessary repairs on the same. There was no evidence in the case showing, or tending to show, that Dr. Brock even knew that the bus in question was not, on the occasion of the accident, equipped with proper and safe tires.

As we read and construe the evidence in this case, the plaintiff has wholly failed to support the averments of his complaint charging that the bus in question was operated, or caused to be operated, by Dr. Brock, by and through his agent McCracken; on the contrary, under the evidence, the offending bus was the property of the State Normal School at Livingston, was fueled by gasoline purchased and paid for by said institution, and was operated at the time by an agent or servant of said institution, and paid by said institution. Nor does the fact that said institution spoke or acted through Dr. Brock change the situation in the least. The institution could only act through some agent, and it is of no consequence here that said agent was Dr. Brock.

The defendant makes no insistence here of nonliability because of the fact that Dr. Brock was an agent of the state, and, therefore, immune from suit. No such argument has been advanced, but the defendant Brock insists that the bus was the property of the state, and driven by an agent of the state, not by an agent of the defendant Brock.

The question presented and decided in the case of Finnell et al. v. Pitts, 222 Ala. 290, 132 So. 2, is not raised by the evidence in this case.

Section 100 of the School Code of 1927 expressly confers upon the county boards of education in the several counties of this state the authority to consolidate schools wherever in their judgment it is practicable, and they are authorized to arrange for transportation of pupils, with the single limitation that no schools shall be consolidated, by consolidating two or more schools located in different school districts, without the consent of the school trustees of each district.

Section 474 of the School Code of 1927 provides that the State Board of Educa-

178

tion shall have the control and management of the several normal schools or teachers' colleges of the state, for white teachers, located at Florence, Jacksonville, Livingston, Troy, and Daphne, and of the State Normal School for colored teachers, located at Montgomery.

We are of the opinion that there is no error involving merit in the assignments of error relating to the admission and exclusion of evidence, which have been argued in brief of counsel.

Having failed to offer any evidence tending to sustain the averments of his complaint, wherein it was charged that the defendant Brock operated the bus in question, either by himself, or through an agent or servant, the said Brock was entitled to the affirmative charge given him by the court.

Finding no reversible error in the record, it follows that the judgment of the court below is due to be affirmed, and it will be so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.