182 So. 24

SCOTT et al. v. MATTINGLY et al.

6 Div. 259.

Supreme Court of Alabama.

June 9, 1938.

J. J. Curtis and Herman Maddox, both of Jasper, for appellants.

Pennington & Tweedy, of Jasper, for appellees.

KNIGHT, Justice.

The bill in this cause was filed by the complainants, appellees here, against the Board of Education of Walker County, the individual members of said Board and also against the County Superintendent of Education of said county, seeking to enjoin the respondents from purchasing certain busses to be used in the transportation of school children from various points in the county to the public schools of said county; and to cancel the contract of purchase, and, in an amendment to the bill, to restrain the Board of Education from issuing bonds or warrants for the purpose of securing the money with which to pay for said busses; and for general relief.

To the bill as amended the respondents separately and severally demurred. The principal ground of demurrer here argued is that challenging the equity of the bill.

The court below overruled the demurrer, and from this decree the respondents prosecute the present appeal.

It appears from the averments of the bill that the complainants are taxpayers, and citizens of Walker County, and are engaged in the business of selling automobiles, and auto busses and trucks, of similar kind and character as the busses which, it is averred, the respondent Board of Education has undertaken to purchase of a non-resident concern.

The bill avers that on, towit, the 31st day of August, 1937, the respondents purchased, or attempted to purchase, twelve "Indiana" school busses, at an agreed price of approximately $25,000, under a claim that the same were necessary for use in the transportation of school children from various points in the county to the public schools. That the purchase or attempted purchase of said busses was unnecessary, and was without legal authority; "that the condition of the school funds in said county was in such shape that the respondents were unauthorized to expend said large amount for said busses."

It is further charged that "the teachers who taught in the public schools in Walker County during the last term have not been paid in full for their services; that the defendants have borrowed, towit, $16,000 with which to pay the teachers for their services for last term; that said debt of towit, $16,000.00 for past services rendered by teachers is still due and unpaid and drawing interest; that the expenditure or attempted expenditure of approximately $25,000.00 for twelve school busses was a usurpation of authority on the part of the defendants; was a waste of the taxpayers money; was unauthorized under the facts as they exist in this county and under the law as it exists in this state."

It is also charged that busses similar to the busses purchased, and which would do the work the said busses were purchased to do, and which could be operated at a much less expense, were obtainable from local dealers in Walker County, Alabama, for a much smaller price than the amount the respondents agreed to pay for the "Indiana" busses.

It is also averred that "the complainants, as such dealers, or a portion of them, offered to sell to the respondents busses of similar kind for a much smaller amount than the respondents agreed to pay for said 'Indiana' busses. * * * The complainants were not informed by the respondents that the respondents expected to buy busses, but were notified that no busses would be bought this year, and the respondents further notified the complainants * * * that they had no money with which to buy busses."

Continuing, the bill charges, "That the said purchase of said busses was unnecessary; that there were sufficient busses in said county, with a small expenditure for repairing, to carry all the children to and fro from one community to another and that the said purchase of said busses was wholly unnecessary; was without authority; and was a fraud on the part of the said defendants in so far as affects the rights of the school children and the rights of the school teachers of Walker County."

There were other averments of the bill which we deem it unnecessary to detail here.

However, the bill nowhere avers that the respondents personally profited, or were supposed to profit in any way by said transaction.

In making the purchase the respondents were acting in their official capacity as the Board of Education of Walker County.

Section 100 of the 1927 School Code provides:

"The County Board of Education shall consolidate schools wherever in its judgment it is practicable, and arrange, if necessary for the transportation of pupils to and from such consolidated schools."

Section 132 of the same Code provides:

"The County Board of Education shall have the right to acquire, purchase, or by the institution of condemnation proceedings if necessary, lease, receive, hold, transmit and convey the title to real and personal property for school purposes. It may sue and contract, all contracts to be made after resolutions have been adopted by the Board and spread upon its minutes. All processes shall be executed by service on the executive officer of the Board."

In the case of Reed v. McCracken et al., 233 Ala. 175, 170 So. 765, this Court held that the County Board of Education had statutory authority, not only for the consolidation of schools, but also for the transportation of pupils. This authority given the Board to arrange for the transportation of pupils, in the absence of other statutory provisions, necessarily includes the right to provide means of transportation. We do not think it debatable that the Board possesses the right to purchase school busses in such numbers as are reasonably necessary to accommodate the pupils of the several consolidated schools, and incidental to this authority, is also the right to determine the character of the busses, to the end that the welfare and safety of the pupils may be best conserved.

This Court is committed to the proposition that a Court of Equity has no general supervisory power over the transportation of school children by the governmental agency set up for the purpose. Salter v. Board of Education of Jefferson County et al., 229 Ala. 631, 159 So. 78. The right to determine the number of busses, as well as the character of the same best suited to the purposes, has been confided by the Legislature to the County Board of Education, and a Court of Equity will not interfere with the acts of these administrative agencies, unless their acts are infected with fraud, or bad faith, or gross abuse of discretion. Reed v. Mc-

Cracken, supra; State ex rel. King et al. v. Board of Education of Russell County, 214 Ala. 620, 108 So. 588; Christian v. Jones, 211 Ala. 161, 100 So. 99, 32 A.L.R. 1340.

In Vol. 32, Corpus Juris, p. 242, § 384, the author of the text states the rule with respect to restraining public officials in the exercise of their discretion in the performance of their official duties, as follows:

"Where public officials are intrusted with discretionary power in certain matters, their exercise of such discretion will not be controlled by injunction in the absence of any showing that their action is fraudulent or in bad faith, or that it amounts to an abuse of the discretion so vested in them, and this is so although the powers vested in such officers are quasi judicial as well as administrative; and especially is this true where the restraining of the officer's action would impose a large additional expense on the public. Courts will not hear proofs and attempt to determine whether the discretion is wisely exercised or not. Where the law casts both a right and a duty upon an officer which involves exercise of discretion, the officer's conduct with respect to his duty or discretion is no more to be controlled by injunction than by mandamus. Interference in such a case would be to interfere with the ordinary functions of government. Courts cannot legislate or invade the province of the other departments of government in matters of policy. However, the general rule has no application where there has been fraud or collusion on the part of the public officer in the performance of his duty, and an injunction may be issued in case of a gross abuse of discretion, but to constitute an abuse of such discretion it must appear that it was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable."

This Court in the case of Long et al. v. Shepherd et al., 159 Ala. 595, 48 So. 675, held:

"The county commissioners have the undoubted right and power to build county courthouses, and to make contracts therefor, and to pass and allow valid claims of the contractor on such account. This is not only their right, but is their duty, which they can be forced to perform, or for a failure so to do they can be made liable. The fact that they make a contract for buildings, such as courts may think inexpedient or improper, or not as good as they or other persons could make, is no ground to enjoin them from so contracting, or from carrying out a contract which they have made, within the line and scope of their powers and duties. Matkin v. Marengo County, 137 Ala. 155, 34 So. 171; Hays v. Ahlrichs, 115 Ala. 239, 22 So. 465. Of course, if they make an official contract for the purpose of defrauding the public and for their individual benefit, under color of official right and as a cloak to hide fraud, and by virtue of such official contract or act attempted to have public funds applied, not for the use and benefit of the public but for their own personal benefit, or for that of a third party with whom they contract, then a court of equity would enjoin the execution of such a contract, though it was ostensibly for the public good and within the line of their powers and duties."

■ An application of the above stated principle of law will serve to show that the bill in this respect is wholly without equity. While the bill charges that the acts of the Board were a fraud on the rights of the school children of Walker County, and on the taxpayers of the county, and upon the complainants, yet the facts averred to support the averment of fraud fall far short of doing so.

It is next insisted that the bill shows that the bonds or warrants were issued without authority of law, and, therefore, the complainants were entitled to a decree restraining the Board of Education from issuing or selling the same.

We cannot agree with counsel for appellee in this last insistence.

The public schools of each county and city of Alabama are operated under a budget system. The annual budget in each instance must be prepared by each county and city board of education on or before the first of July of each year, and must be submitted to, and approved by, the State Superintendent of Education, and when so approved it becomes official. General Acts of Alabama, 1935, p. 728.

Section 9 of said Act of 1935 provides:

"Section 9. *Funds may be borrowed against revenues of current year.*—Any county board of education or any city board of education shall have authority upon the recommendation of the county superintendent of education or city superintendent of education, as the case may be, to borrow money on the credit of the

school fund of. that county or city to meet the salaries of teachers and other current expenses when the current funds on hand are not sufficient to meet the same, and as security therefor, to pledge the current revenues of the current fiscal year. It shall be the duty of the county board of education and the county superintendent of education or city board of education and city superintendent of education to secure such a loan if practicable, when the current funds on hand are not sufficient promptly to pay teachers' salaries and other current expenses. All such current loans shall be due and payable not later than the end of that fiscal year. Provided however, that the county board of education or the city board of education may issue certificates of indebtedness for payment of current expenses, which are due when funds on hand are not sufficient to pay such obligations and when an adequate loan cannot be secured. Such certificates of indebtedness . shall become due and payable not later than the close of the fiscal year in which they are issued and shall pledge the current revenues of that fiscal year. At no time shall loans be secured or certificates of indebtedness be issued for current expenses during any year which shall pledge school revenues of any other fiscal year. The amount which is borrowed, either by loan or certificate of indebtedness, shall at no time exceed one-third of the sum paid for all current expenses, including teachers' salaries during the preceding school year. Boards of education shall have authority to pay interest at the rate of not exceeding six per cent (6%) per annum on such loans or such certificates of indebtedness as may be issued."

■ The bill nowhere avers that the budget prepared by the County Board of Education of Walker County, and approved by the State Superintendent, did not provide for and include the purchase of said busses. In the absence of averments to the contrary, we must presume that a budget to cover the expenses of operating the public schools of Walker County was properly prepared by the County Board of Education, and was duly submitted to, and approved by, the State Superintendent, and that the purchase of said busses was included therein; further, that the estimated income for the fiscal school year was sufficient to meet the expenditure required.

■ The bill, construed most strongly against the pleader, authorizes the Court to assume that the obligation incurred in the purchase of the busses was secured by pledging school funds accruing within the then fiscal year. This being true, the Board, for aught averred to the contrary, was well within its legal right in issuing the warrants, and securing the same by pledge of a part of the current revenues of the current year.

We are at the conclusion that the bill is without equity, and the court below improperly overruled the respondents' demurrer thereto. It results, therefore, that the decree of the Circuit Court must be reversed, and a decree here rendered sustaining the demurrers of the respondents to the bill as amended.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.