16 So.2d 97

**HODGES et al. v. BOARD OF EDUCATION OF GENEVA COUNTY et al.**

**4 Div. 304.**

Supreme Court of Alabama.

Dec. 16, 1943.

J. Hubert Farmer, of Dothan, for appellants.

R. S. Ward, of Geneva, for appellees.

66

STAKELY, Justice.

The Board of Education of Geneva County made a contract with Lloyd Pelham to furnish a suitable truck and appointing him to drive it for the purpose of transporting school children to and from school. The contract reserved the right in the Board to annul the contract and dismiss the driver for incompetency, for improper or immoral conduct, for inattention to duty, or whenever in the opinion of the Board the best interests of the County may require.

Prior to the contract with Lloyd Pelham, J. T. Griffin had had the job as bus driver and was an applicant for the job again when Lloyd Pelham was appointed in his place. Patrons of the school made demand on the Board to annul its contract with Lloyd Pelham, take him off the route as bus driver and reinstate J. T. Griffin. There is no suggestion that the Board has violated any contractual obligation to J. T. Griffin.

Upon the refusal of the Board to comply with the demand, petition for mandamus was filed in this case to compel the action which had been demanded and refused. Demurrer to the petition was sustained, and when the petitioners declined to amend the petition, the cause was dismissed. This appeal has been taken from this judgment.

Power has been conferred in general terms on the county board of education to arrange for the transportation of pupils to and from schools. Code, Title 52, § 76. This power carries with it a high duty and responsibility which this court has recognized.

"The state has, therefore, undertaken to engage in a new public function, the transportation of school children, and set up a governmental agency to carry out such purpose. This, of necessity, carries the duty and responsibility to provide suitable vehicles, and for their safe operation by competent and trustworthy agents or employees. Without question, this responsibility is commensurate with the sacred duty to conserve the lives and limbs of children while being transported over the public highways.

"Manifestly, no contract with a bus driver, who does not perform these duties, and thereby endangers the lives and limbs of children, is binding, and the county board of education, or other authority in the premises, should promptly abrogate such contract, and make proper provisions." Salter v. Board of Education of Jefferson County, 229 Ala. 631, 159 So. 78, 79.

But this court is committed to the view that the courts have no general supervisory power over the transportation of school children by the agency of the government constituted for that purpose. This court has taken the position that the courts of the state will not ordinarily seek to control the exercise of the broad discretion given by the statutes to the county board of education, since the powers vested in it are quasi judicial as well as administrative. This is true even though in the exercise of discretion there may have been error or bad judgment. Phenix City v. County Board of Education, 214 Ala. 432, 108 So. 589; Salter v. Board of Education of Jefferson County, supra; Scott v. Mattingly, 236 Ala. 254, 182 So. 24; Lehmann v. State Board, etc., 208 Ala. 185, 94 So. 94.

The courts will, however, act if the acts of the governmental agency are tainted with fraud or bad faith or a gross and palpable abuse of discretion. Authorities, supra. Accordingly the petition must be tested on this basis to see if it is sufficient.

In order to make the test, general conclusions alleged in the petition will be disregarded, because this court has said: "Simply to say in a petition for a mandamus that the officer abused his discretion

is merely to apply an epithet without defining the act." State ex rel. King v. Board of Education of Russell County, 214 Ala. 620, 108 So. 588, 589.

With two exceptions, which we shall discuss later, the allegation of fact in the petition sets up substantially the same situation in principle as was before this court in Salter v. Board of Education of Jefferson County, supra. In both cases the allegations show either incompetency of the driver or unfitness of the bus or both and refusal of the Board to make a change on protest of the patrons. In both cases, construing the pleadings against the pleader, there is nothing to show that the board found a sufficient showing of incompetency of the driver or unfitness of the equipment to warrant annulment of the contract. In the Salter case, supra, the petition was held insufficient because these were matters to be determined by the board within its discretion. We follow the same reasoning here.

But the present petition also alleges in effect that the action of the Board was the result of personal and political considerations on the part of C. M. Segrest, one of its members. We think this allegation adds nothing to the force of the petition. Motive will not be considered unless it results in abuse of discretion. 56 Corpus Juris 342. Since the decision reached was within the discretion of the Board, it will not be disturbed.

The petition also further alleges in substance that the Board of Education did not have a legal quorum at its meeting of September 8, 1942, when the contract with Lloyd Pelham was authorized, because C. M. Segrest, a member of the Board, was at the same time a member of the Senate of the State of Alabama, § 280, Constitution of Alabama, 1901. This allegation adds no strength to the petition. Among other reasons, the right of the member of the Board to act cannot be assailed in this proceeding. Quo warranto or statutory contest was the proper method of attack. Casey v. Bryce, 173 Ala. 129, 55 So. 810; Little v. City of Bessemer, 138 Ala. 127, 35 So. 64.

The lower court ruled correctly in sustaining the demurrer to the petition, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.