130 So.2d 29

**Ella Lee SMITH**

v.

**CITY BOARD OF EDUCATION OF BIRMINGHAM.**

**6 Div. 397.**

Supreme Court of Alabama.

March 2, 1961.

Rehearing Denied May 25, 1961.

Wm. M. Acker, Jr., and Smyer, White, Reid & Acker, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Reid B. Barnes, Ormond Somerville and Chas. E. Clark, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Jefferson County, Alabama, in Equity, from a decree sustaining the demurrer of appellee-respondent to the amended bill of complaint of appellant-complainant. Complainant brought the cause of action as a taxpayer of the school district contained within the boundaries of the City of Birmingham, Alabama, and representing the taxpayers of said school district as a class.

The original bill of complaint was filed on December 29, 1958. The prayer was for a temporary and permanent injunction to enjoin the prosecution of condemnation proceedings begun by the city board of education on December 8, 1958. On January 5, 1959, respondent filed a motion to quash and to vacate the order initially setting the case down and also filed a motion to quash and to vacate the subpoena duces tecum which

had been served on the superintendent of schools. Both motions were overruled by the court on the same day. Also, on January 5, 1959, respondent filed a demurrer to the complaint. A continuance until January 20, 1959 was agreed to, and on January 16, 1959, complainant amended her bill of complaint. Respondent, on January 20, 1959, refiled his previous demurrer and assigned additional grounds, said demurrer being sustained on January 20, 1959. It is from the sustaining of the demurrer that this appeal is taken.

There are basically but two questions presented by this appeal. The first question is whether or not the City Board of Education of Birmingham, Alabama, has statutory authority to condemn land for the purpose of constructing a building to house the city superintendent of schools and his assistants. The second question is whether or not the City Board of Education of Birmingham, Alabama, should be enjoined from continuing with such condemnation proceedings on the grounds that their conduct amounts to a gross abuse of discretion and to an arbitrary and capricious action.

Sec. 153, Title 52, Code of Alabama 1940, imposes an obligation on the board of education of any city of 2500 or more inhabitants to provide the city superintendent of schools, his professional and clerical assistants, with ample, convenient and comfortable office quarters and with adequate clerical supplies and equipment.

We must now look to see if the legislature has given the board of education the necessary authority to carry out this obligation which the legislature has imposed on the board. Sec. 158, Title 52, Code of Alabama 1940, gives to the city board of education "all the powers necessary or proper for the administration and management of the free public schools within such city * * *." However, this does not give them specifically the right to purchase or condemn property for the purpose of building an administrative building to house the city superintendent of schools and his as-

sistants. Sec. 161, Title 52, Code of Alabama 1940, does give the right or power to purchase real estate for the use of the schools. But again, there is not definite authority to purchase real estate for the purpose now under discussion. Title 52, Sec. 168, Code of Alabama 1940, goes somewhat further than any of the previous applicable sections and reads as follows:

"When lands or any interest therein shall be by the board of education deemed necessary for the site of a schoolhouse or for enlarging a schoolhouse lot, or for playgrounds or other public school purposes, and the board of education for any reason shall be unable to contract with the owner or owners for the title thereof the said board of education may institute condemnation proceedings to acquire such lands or the interest therein. Said condemnation proceedings shall be in all respects conducted and regulated as provided by chapter 1 of title 19."

It will be noted that this section gives the board authority to condemn for specific-listed purposes and then says "or other public school purposes." We are of the opinion that if the board is given the authority necessary to carry out the obligation imposed by Sec. 153, then it must be found in Sec. 168.

We are mindful of the fact that statutory delegation of the power of eminent domain must be strictly construed against the one exercising the power. 18 Am.Jur., Eminent Domain, § 26 (p. 650); City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305.

However, we are of the opinion that such a doctrine should not be carried so far as to defeat the intent of the legislature, especially so when applied to a public body such as the board of education. State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99; 29 C.J.S. Eminent Domain § 22, p. 806; Davis v. Board of Education of Anne Arundel County, 166

**230**

Md. 118, 170 A. 590, 591; Greenwood County v. Watkins, 196 S.C. 51, 12 S.E.2d 545, 548.

■ It is our opinion that the legislature did not intend to impose upon the board of education the obligation of providing for the superintendent of schools and his assistants adequate office quarters without giving it the necessary authority to carry out said obligation. We also think that the necessary authority was intended by the legislature to be found in Sec. 168 of Title 52, Code of Alabama 1940, in the phrase "or other public school purposes." We are, therefore, of the opinion that the City Board of Education of Birmingham, Alabama, does have statutory authority to condemn land for the purposes above mentioned.

We must now turn to the question of whether or not the board should be enjoined on the grounds that their conduct amounts to a gross abuse of discretion and to an arbitrary and capricious action.

■■ It is our conclusion that the matter of locating, constructing and maintaining buildings for public school purposes is not a function of the courts. In that matter, the board of education exercises an administrative and quasi-legislative function which, when free from fraud or corruption, cannot be reviewed by the courts. Board of Education of Blount County v. Phillips, 264 Ala. 603, 89 So.2d 96; Mullins v. Board of Education of Etowah County, 249 Ala. 44, 29 So.2d 339.

We conclude that the bill does not entitle the complainant to the relief prayed for and that the demurrer was due to have been sustained. The judgment of the trial court, therefore, must be affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.